10599.

### STATE v. DANELLY.

(107 S. E. 149)

1. CRIMINAL LAW—CONSTABLE'S ADVICE IN ANSWER TO REQUEST HELD NOT TO INVALIDATE ADMISSIONS.—Admissions by a prisoner tending to show guilt are not rendered incompetent as having been induced by the hope of benefit by the fact that the constable, in whose custody the prisoner was, advised the prisoner it was best to tell the truth, where such advice was given in response to the prisoner's request for advice.

2. CRIMINAL LAW—ADMISSIONS INDUCED BY PROMISE ARE COMPETENT IN CONNECTION WITH EVIDENCE SECURED THEREBY.—Statements made by a prisoner relative to the location of the stolen property, even if induced by advice of the constable, are admissible in connection with evidence of the finding of the property referred to in the statements.

3. CRIMINAL LAW—COURT HAS DISCRETION TO INSTRUCT JURY TO DISREGARD CONFESSION IF NOT VOLUNTARY.—Though the question whether a confession was voluntarily made so as to be admissible is ordinarily to be decided by the trial court before the confession is admitted, the court has discretion, where the evidence as to circumstances surrounding the confession is conflicting, to admit the confession and instruct the jury to disregard it if they find that it was not voluntarily made.

4. CRIMINAL LAW—CHARGE ALIBI IS SAID TO BE A ROGUE'S DEFENSE IS EERRONEOUS.—In a prosecution for burglary, where the defense was

NOTE—For report of this case with note on "Instructions Disparaging Defense of Alibi," see 14 A. L. R. 1420.

alibi, a charge that an alibi has been said to be a rogue's defense is erroneous as impliedly assigning defendant to a class to which he is presumed not to belong until he is convicted, and as disparaging a perfectly legal defense.

5. CRIMINAL LAW—EXPLANATION OF ERRONEOUS CHARGE ON ALIBI HELD NOT TO CURE ERROR.—Error in a charge which stated that an alibi had been said to be a rogue's defense is not cured by an explanation that the reason was because it was a good defense and possibly the best defense that could be put up, since that explanation aggravated rather than mitigated the effect of the error, as implying that a guilty man fabricating a defense would naturally select the most effective one.

Before PEURIFOY, J., Orangeburg, January, 1920. Reversed.

Howard Danelly indicted for burglary and larceny. Upon conviction the defendant appeals.

*Mr. Jacob Moorer,* for appellant, cites: *Confession should have been rejected as manacled condition was sufficient to produce fear, and advice of officer that "it would pay a man best to tell the truth" was sufficient to give hope of reward:* 99 S. C. 505; 51 Mich. 612; 49 Cal. 344; 159 Cal. 6; 61 Wash. 125; 36 S. C. 524; 168 U. S. 532; 8 Ann. Cas. 1184; Greenleaf Evid. (5th Ed.) Vol. 1, Secs. 219-22. *Judge erred in charging the jury that an alibi is a rogue's defense:* 149 Mo. 391; 11 Am. Crim. Rep. 76; 8 Ann. Cas. 1184; 25 Cyc. 134-5; 85 S. C. 265, 278; 28 S. C. 225; 118 Mo. 153; 24 S. W. 449. *Error is presumptively prejudicial:* Greenleaf Evid. (15th Ed.) Sec. 446.

*Solicitor A. J. Hydrick,* for respondent. *Oral argument. Mr. Jno. M. Daniel, Assistant Attorney General, cites: Charge on facts:* 47 S. C. 488; 38 S. C. 31. *Defining alibi:* 19 S. C. 93. *New trial will not be ordered where upon examination of whole record Court concludes that the verdict of any fair jury would have been the same, if no error had been committed:* 78 S. C. 73; 93 S. C. 299; 93 S. C. 426.

May 14, 1921.

The opinion of the Court *en banc* was delivered by MR. JUSTICE COTHRAN.

The appellant was tried and convicted in the Court of General Sessions at Orangeburg, at January term, 1920, before Judge Peurifoy and a jury, upon the charge of burglary and grand larceny at common law. Sentence, imprisonment for life.

The appeal raises but three questions:

(1) Did the Circuit Judge err in admitting certain statements of the defendant alleged to have been a confession of guilt or an admission of certain facts connecting him with the crime?

(2) Did the Circuit Judge err in not determining for himself the preliminary question of the admissibility of such statements?

(3) Did the Circuit Judge err in charging the jury that the defense of alibi was "a rogue's defense?"

These questions are imperfectly presented in exceptions 1, 2 and 4, but will be considered ex gratia. Exception 3 will not be considered for the reason that no specific error is pointed out.

The first question: It appears that the defendant was arrested by a constable at Pregnall's, some distance from the scene of the crime, on a passenger train bound for Charleston. He had upon his person a watch, identified as the property of the prosecutor, a bottle partly filled with gasoline, and a bundle of clothes afterwards discovered on the train when it reached Charleston was identified as the property of the prosecutor. After he was taken from the train the defendant was locked up. Leading up to the introduction of certain statements made by the defendant the constable was asked as to inducements or threats. He stated that he had not threatened the defendant, but that he had told him "that it would be a whole lot better for him to tell

the truth;" he asked my advice, and I said that the easiest way was the best way; that it would pay a man best to tell the truth;" that the statements were made without reward and voluntarily. Defendant's attorney objected to the introduction of the statements upon the ground that they were induced by a hope of benefit. The Circuit Judge did not rule upon the admissibility of the statements, but stated that he would submit the question as to the voluntary character of the statements to the jury under proper instructions. The statements were allowed to go to the jury. We do not find in them any confession of guilt. The witness testified that the defendant "told where the gun was" (it was in evidence that a gun had been taken from the house;) "he said that the clothes were in Charleston;" "that there was a package on the train;" "that his (Duggin's, the prosecutor's) clothes were on the train." The information about the gun was followed up, but the gun was not found where the defendant said it was; it was found on the railroad right of way while the tracks were being followed, along the route upon which the telegraph post indicated by the defendant was located. The clothes were found in a bundle on the train after it reached Charleston, and were returned to the prosecutor.

       There are two considerations which in our opinion

1, 2    rendered the statements of the prisoner admissible:

       (1) The observations of the constable to the effect that it would be better for him to tell the truth were made in response to the prisoner's request for advice in the matter— "He asked my advice"—and were such as would naturally suggest themselves to a normal mind under the circumstances and do not show that they were officiously made by the constable to secure a confession or an admission. *State v Crank*, 2 Bail. 66, 23 Am. Dec. 117. (2) Even if objectionable upon the ground that they were induced by the hope of benefit, they were admissible if they pointed to a distinct substantive fact from which the guilt of the pris-

oner might have been inferred.  *State v. Crank,* 2 Bail. 66, 23 Am. Dec. 117.

"When [while?] a confession, improperly obtained, cannot be admitted, yet so much of the confession as relates strictly to the fact discovered by it may be given in evidence."  *State v. Clark,* 4 Strob, 311.

"The fact that the witness was directed by the prisoner where to find the goods, and his having found them accordingly, should be submitted to the jury, but not the acknowledgment of the prisoner's having stolen or put them there."  Same case.

"So much of a confession as led to the discovery of a material fact may be given in evidence, although the party was induced to make the confession by persuasion and hope of immunity."  *State v. Motley,* 7 Rich. 327; 12 Cyc. 478.

We therefore conclude that the statements of the prisoner relating to the gun and clothes were properly received.

The second question:  The general rule unquestionably is as stated in *State v. Rogers,* 99 S. C. 504, 83 S. E. 971.

"A confession is not admissible unless it is voluntary, and the question whether it is voluntary must be determined in the first instance by the presiding Judge.

We do not understand, however, that this is an absolutely inflexible rule.

The Court in *State v. Moorman,* 27 S. C. 22, 2 S. E. 621, after stating the general rule to be that the preliminary question of the admissibility of a confession or admission should be first determined by the presiding Judge, declares:

"But at last this matter is left very much to the discretion of the Judge upon all the circumstances of the case."

"If there is a conflict of evidence, and the Court is not satisfied that the confession was voluntary, the confession may be submitted to the jury, under instructions to disregard it, if upon all the evidence they believe it was involuntary."  12 Cyc. 482.

This is exactly the course pursued by the Circuit Judge in this case, and we cannot say that under the circumstances his discretion was abused. If the statements were, as we hold, admissible, the defendant was benefited, or at least · given the chance of benefit, rather than prejudice, by submitting the question to the jury. Furthermore, the prompt exclusion of the testimony would seriously prejudice the right of the State to offer the statements, even if involuntary, under the circumstances referred to in *State v. Motley*, 7 Rich. 327, and 12 Cyc. 478, above cited.

The third question: The Circuit Judge charged the jury as follows:

"The defendant here not only enters the plea of not guilty, but he also enters what is known in law as the defense of alibi; that is, he was elsewhere. *An alibi has been said to be a rogue's defense.* [Italics added.] *The reason it is given that name is because it is a good defense and possibly the best defense that can be put up where it is proven.* Of course, if the defendant was not present, if he was elsewhere, he could not have committed the crime; therefore, if he has convinced you that he was elsewhere, or he has proved his alibi by the greater weight of the evidence, he would be entitled to an acquittal at your hands."

The presumption of innocence accompanied the defendant from the moment of his arraignment; it clothed him "as with a garment" until a verdict of guilty stripped this presumptive robe of righteousness from his person; he was entitled to recognition as a member of that class to which the presumption assigned him, the innocent, and not the guilty.

Alibi is not only a proper defense, but to an innocent man is always an essential defense, and indeed it may be his only defense; it affords, when established, the most perfect, physically conclusive evidence of his innocence. This Court can rarely escape a mental conclusion as to the

guilt or innocence of a defendant; but it cannot allow that conclusion to change its interpretation of the law.

To instruct a jury that this refuge of an innocent man, actual 'or presumptive, is a rogue's defense, is impliedly to assign the defendant to a class to which in fact he may not, and in law he certainly does not, at that stage of the trial, belong; it throws discredit upon, disparages, a perfectly legal defense, strongly indicative of the impression which the testimony has made upon the Court.

In *State vs. Crowell*, 149 Mo. 391, 50 S. W. 893, 73 Am. St. Rep. 402, the charge was not nearly so harsh:

"Though an alibi may be a well-worn defense, yet it is a legal one, to the benefit of which the defendant is entitled."

It was held reversible error, the Court saying:

"The Court is not permitted to disparage the defense of an alibi or to refer to it in a slighting or sneering manner. Evidence in regard to an alibi is to be tested and treated just like evidence offered in support of any other defense insanity, self-defense," etc.

Judge Freeman in a note adds:

"Whenever an instruction has been given which clearly casts discredit upon the defense of alibi, and it appears possible that it could have prejudiced the accused, the appellate court will grant a new trial."

In a criminal case evidence of an alibi is to be subjected to the same test as any other evidence of a material fact and a charge tending to cast suspicion on such evidence is erroneous." *Sater vs. State*, 56 Ind. 378.

"An instruction that the defense of alibi is very often resorted to by guilty persons as well as innocent ones, and one in which perjury, mistake, and deception are often committed, is error." *State v. Chee Gong,* 16 Or. 534, 19 Pac. 607.

"An instruction that an alibi is a species of defense often set up in criminal cases and one which seems to figure in

this case, was erroneous in that the language was calculated to convey to the jury the impression that the Court regarded that particular defense as a pretense without foundation in truth." *Walker v. State,* 37 Tex. 366.

"It is error to charge that an alibi is a defense generally looked on with great suspicion." *People v. Kelly,* 35 Hun, 295.

"On trial of an indictment for larceny, the Court, in instructing the jury upon the defendant's introduction of evidence to prove an alibi, remarked: 'This defense is liable to great abuse, growing out of the ease with which it may be fabricated and the difficulty with which such fabrication can be detected.' Held erroneous as tending to cast suspicion on the defense." *Albin v. State,* 63 Ind. 598; *Dawson v. State,* 62 Miss. 241.

"It is error for the Court to advise the jury that the defense of alibi is one easily fabricated, that it has occasionally been successfully fabricated, and that the temptation to resort to it as a spurious defense is very great, especially in cases of importance." *Henry v. State,* 51 Neb. 149, 70 N. W. 924, 66 Am. St. Rep. 450.

We are of the opinion that the remarks of the Circuit Judge in explanation of his declaration that "an alibi has been said to be a rogue's defense," aggravated rather than mitigated the prejudicial effect of his declaration. "The reason it is given that name is because it is a good defense," etc.; in other words, a rogue, a guilty man, fabricating a defense would naturally select the most effective one.

The charge excepted to was prejudicial to the defendant, and requires a reversal of the judgment.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

JUSTICES WATTS and FRASER, and SEASE, SHIPP, WILSON BOWMAN, MAULDIN and TOWNSEND, Circuit Judges, concur.

MOORE, Circuit Judge: Concurring in the conclusions herein announced by Mr. Justice Cothran, it is considered that the statement by the Circuit Judge in the charge to the jury to the effect that the defendant's plea of alibi might properly be characterized as "the rogue's defense" constituted such a comment upon the evidence in this case as to render the charge violative of the constitutional inhibition which declares that "judges shall not charge juries in respect to matters of fact." *Constitution*, Art. 5, § 26.

While the Constitution of 1868 contained a similar limitation upon the power of Circuit Judges, it nevertheless granted permission to "state the testimony" in the charge to the jury. *Constitution 1868*, Art. 4, § 26.

During the period in which this constitutional provision was in force it was held that fair comment upon the testimony was permissible in the charge, provided it did not involve an expression or suggestion of the Judge's own opinion upon the facts. See the cases collated in *Norris v. Clinkscales*, 47 S. C. 516, 25 S. E. 797. It was upon this reasoning, based upon the constitutional grant of power to "state the testimony," that decisions like that of *State v. Summers*, 19 S. C. 90, cited by the Chief Justice in the case now at bar, were in terms predicated.

But the framers of the Constitution of 1895, now of force, in again declaring by that instrument that "Judges shall not charge juries with respect to matters of fact," intentionally omitted the previously existing permission to "state the testimony." From this highly significant omission there follows the reasonable conclusion that, since the Constitution of 1895 inhibits without qualification any charge by a Judge to a jury "with respect to matters of fact," there is included in this prohibition all comment whatsoever having any reference to the weight which should be given by the jury to any testimony in the case. See *State v. Johnson*, 85 S. C. 270, 67 S. E. 453; *State v. Smalls*, 98 S. C. 297, 82 S. E. 421; *Norris v. Clinkscales*,

47 S. C. 517, 25 S. E. 797, and the cases there cited. Upon this reasoning since the adoption of the Constitution of 1895, it has been held error to charge a jury that "it is unsafe to convict upon the uncorroborated testimony of an accomplice;" and this was so held under the present Constitution, notwithstanding the fact that such a charge was generally upheld as permissible under the Constitution of 1868. See *State v. Sowell*, 85 S. C. 278, 67 S. E. 316, and cases there cited.

Where a jury is instructed that the plea of alibi is said to be "the rogue's defense," it is manifest that such a suggestion coming from the lips of the presiding Judge, is tantamount to a judicial comment to the effect that the evidence in support of such a plea should be received with great caution. Such a charge, therefore, involving as it does a strong intimation that this defense should be viewed with suspicion, unquestionably constitutes an instruction with reference to the weight to be given to evidence adduced in support of an alibi, and is consequently a manifest invasion of the province of the jury, upon whom alone, unaided and uninfluenced by any suggestion from the presiding Judge, there is devolved, by the express provision of the Constitution, the exclusive function of determining the weight to be given to any evidence in the case. *State v. Johnson,* supra.

For these reasons, the Circuit judgment must be reversed, and a new trial ordered.

MR. CHIEF JUSTICE GARY (dissenting in part) : I concur in the opinion of Mr. Justice Cothran as to all the exceptions, except the fourth, which assigns error in the charge as to the defense of alibi, upon which the defendant relied.

That exception is as follows: .

"His Honor erred in charging the jury, as follows: 'An alibi has been said to be a rogue's defense.' "

His Honor, the presiding Judge, thus charged the jury:

"The defendant here not only enters the plea of not guilty, but he also enters what is known in law as the defense of alibi; that is, he was elsewhere. An alibi has been said to be a rogue's defense. The reason it is given that name is, because it is a good defense, and possibly the best defense that can be put up, where it is proven.

"Of course, if the defendant was not present, he could not have committed the crime; therefore, if he has convinced you that he was elsewhere, or he has proven his alibi by the greater weight of the evidence, he would be entitled to an acquittal at your hands. The fact that he enters the plea of an alibi does not relieve the State of its obligation of proving the case, beyond a reasonable doubt, against the defendant."

It was incumbent on the appellant, not only to satisfy this Court that there was error, but that it was prejudicial to his rights. *State vs. McPhail,* 105 S. E. 638.

In the first place, the exception is not in proper form, as it fails to specify the ground upon which the appellant relies. This Court is not required to pass upon an exception which complains of error in a quoted portion of the charge, without specification of error. *Vann v. Howle,* 44 S. C. 546, 22 S. E. 735; *Weatherly v. Covington,* 51 S. C. 55, 28 S. E. 1; *State v. Adams,* 100 S. C. 43, 84 S. E. 368. Furthermore, when that part of the charge quoted in the exception is considered in connection with the entire charge as to the plea of alibi, it is not even erroneous, as the clear intention of his Honor, the presiding Judge, was to caution the jury against the popular idea of the plea of alibi, in order that the defendant might have the full benefit of such plea. And in the second place, when the charge is construed with reference to its applicability to the facts of this particular case, it was not prejudicial, as it was not calculated to mislead the jury, by causing them to render a

different verdict from that which ·they otherwise would have found.   The only reasonable inference from the testimony was that the defendant was guilty.   In fact, his own testimony was almost equivalent to a confession of guilt. *Mfg. Co. v. Casualty Co.,* 78 S. C. 81, 58 S. E. 969; *Dennis v. Street Ry.,* 93 S. C. 295, 76 S. E. 711.

In the case of the *State v. Summers,* 19 S. C. 90, this Court had under consideration the following exceptions:

"Because the Court charged the jury that 'the defense set up is an alibi.   It is a favorite defense.   I think it is called in the books "the rogues' defense."   It is always a complete defense if established, but it is a very dangerous one, because when a person is accused of committing a crime and he sets up a false defense which cannot be established, and the jury do not believe it, then it raises a presumption of guilt from the fact that he sets up that which is not true.' "

In disposing of this exception the Court thus ruled:

"Nor do we think that the observations of the Judge as to the general character of the defense of alibi stated in the fourth exception was such an expression of opinion upon the facts of this particular case as should set aside the verdict, particularly, as the Judge added:   'If these men were not present,   *   *   *   they could not have committed the offense.   They may account for themselves in the way it has been described to you by the solicitor.   So far as the question of evidence is concerned, you are to decide· that without the assistance of the Court, and you are to decide it upon the comparison of the testimony."

The case of *State v. Summers,* 19 S. C. 90, was decided under the Constitution of 1868, while the present case was decided under the Constitution of 1895.

Section 26, Art. 4, Constitution of 1868, contained these words, "Judges shall not charge juries in respect to matters of fact.   *   ·*   *"   Section 26, Art. 5, Constitution of

1895, provides: "Judges shall not charge juries in respect to matters of fact. * * *" It will thus be seen that the respective provisions are identical. The case of *State v. Summers,* 19 S. C. 90, is cited twice with approval in *Norris v. Clinkscales,* 47 S. C. 488, 25 S. E. 797, and is still the law in this State.

Numerous decisions are discussed in *Norris v. Clinkscales,* 47 S. C. 488, 25 S. E. 797, supra, showing the meaning of the Constitutional provision that "Judges shall not charge juries in respect to matters of fact."

MEMMINGER, RICE and FRANK B. GARY, Circuit Judges, concur.