## 12020

### STATE v. JOHNSON

#### (138 S. E., 823)

1. CRIMINAL LAW—PROOF OF ADMISSIONS BY DEFENDANT HELD NOT INADMISSIBLE AS BEING INDUCED BY INTIMIDATION OR THREAT.—That officer preceding admissions by defendant said, "You had just as well come clean and tell us because we are going to find it (whiskey)," *held* not to render proof of admissions incompetent as induced by intimidation or threat.

2. CRIMINAL LAW—HEARSAY STATEMENT OF WITNESS, MADE BEFORE OBJECTION COULD BE INTERPOSED, HELD NOT REVERSIBLE ERROR, IN ABSENCE OF MOTION TO STRIKE OUT.—In prosecution for violation of Prohibition Law, witness' statement, "We were hunting whiskey, and they said it was hid in the swamp," made before objection could be interposed, *held* not reversible error, in view of efforts to prevent it from being prejudicial and absence of motion to strike out.

3. CRIMINAL LAW.—Testimony that liquor was found on same side of house as other liquor *held* not incompetent on ground that witness had no knowledge except by hearsay as to where other liquor was found.

4. CRIMINAL LAW.—Testimony that particular person was not about the place at time of finding of liquor *held* competent in reply to statement that such person would admit ownership of liquor if present.

Before HENRY, J., Aiken, Fall term, 1924. Affirmed.

Jim Johnson was convicted of having in his possession contraband liquors, and he appeals.

*Mr. William M. Smith,* for appellant, cites: *Confession not admissible unless made voluntarily:* 36 S. C., 530; 13 S. C., 389; 2 Bail. L., 66; 1 Strob. L., 155; 3 Enc. of Ev., 301. *Confession defined:* 36 S. C., 530.

*Mr. B. D. Carter, Solicitor,* for respondent, cites: *Exception based on objection to testimony, when no ground of objection stated, cannot be sustained:* 124 S. C., 342;

NOTE.—On admissibility of confession induced by threat, see notes in 18 L. R. A. (N. S.), 833; 50 L. R. A. (N. S.), 1077.

89 S. C., 385; 86 S. C., 68. *Admission of evidence on point previously testified to without objection not error:* 93 S. C., 168; 82 S. C., 89. *Voluntary nature of confession may be question for jury:* 127 S. C., 115; 116 S. C., 113. *Portion of confession leading to discovery of material fact admissible:* 116 S. C., 117. *Trial Judge uncertain whether testimony offered is properly in reply:* 92 S. C., 64. *Time of admitting testimony discretionary with Judge:* 92 S. C., 191. *Admission of cumulative testimony discretionary with Judge:* 89 S. C., 98.

June 30, 1926.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The defendant, Jim Johnson, was convicted in the Court of General Sessions of Aiken County for violation of the prohibition law, in that it was alleged that he had in his possession certain contraband intoxicating liquors. He has appealed to this Court, and makes four exceptions.

One of the officers, Mr. A. D. Sheppard, who made the search for whiskey, which it was alleged was found in the possession of the defendant, testified as to certain statements made by the defendant to him and the others in the searching party. He stated that before these statements were made, he first told the defendant: "You had just as well come clean and tell us, because we are going to find it (referring to the whiskey)." It is contended that the quoted language used by the officer was an inducement, intimidation, or threat against the defendant, and that the witness should not have been permitted to testify as to the admissions made by the defendant thereafter.

There is not even a suggestion in the testimony of the defendant, who was a witness for himself, that there was any inducement, intimidation, or threat against him on the part of the officer. At the time of the statement, the defendant had not even been arrested. The officers had very

reliable information that whiskey was located near the defendant's premises, and that the defendant had knowledge of the exact spot where it was. According to the officers' testimony, upon going to the place indicated by the defendant, the whiskey was found. Under the authority of the case of *State v. Danelly*, 116 S. C., 113; 107 S. E., 149; 14 A. L. R., 1420, where the law of admissions and confessions by a defendant is clearly set forth in an opinion by Mr. Justice Cothran, we think the Circuit Judge was entirely right in submitting the testimony as to the admissions of the defendant to the jury.

The second exception charges error on the part of the trial Judge in permitting Mr. W. P. Sheppard, a witness for the State, to testify, over objection, to the following: "We were hunting whiskey, as they said it was hid in the swamp." The attorney for the defendant objected to the evidence on the ground that it was hearsay. The witness made the statement, as it appears from the record, as witnesses often do, before the defendant's attorney could object, and quite likely before the Solicitor knew that the testimony would come out. As soon as counsel interposed objection, the trial Judge made inquiry as to the presence of the defendant at the time. The record is not clear if the defendant was there. The Solicitor cautioned the witness not to tell what was said by other persons and proceeded with the examination along competent lines. It is apparent, even if the testimony objected to should not have been given by the witness, that the Judge and Solicitor did all they could to keep the statement from being prejudicial. No motion was made to strike out the testimony.

The witness, A. D. Sheppard, was asked this question: "It was on the same side that they found the other whiskey, then?" He answered: "Yes, sir; it was on the other side of the house from the spring. It was on the opposite side of the house from the spring there."

This testimony was objected to, and its admission is made the basis of the third exception. The defendant contends that the witness did not know anything about any other liquor except by hearsay, and for that reason his testimony was incompetent. The record fails to disclose that the witness did not know as to the finding of the other whiskey. Defendant's counsel stated that the witness knew nothing about the finding of the other liquor, but the witness did not so state. In addition, his main statement was to the effect that the whiskey was found on the "opposite side of the house from the spring," and the Circuit Judge called attention to the fact that this part of his testimony was admissible.

The defendant introduced in evidence a statement that one John Fields, if he were present, would testify that the liquor, alleged to have been in the possession of the defendant, belonged to Fields, and was manufactured by him, and that the defendant had nothing whatever to do with it. In reply, the State brought out from the witness, A. D. Sheppard, that when the officers were at the defendant's house looking for whiskey, Fields was not about there. The admission of this testimony was objected to by the defendant on the ground that the same was not in reply. We think it was competent as a circumstance, tending to disprove the evidence offered by the defendant to show that Fields, and not he, was the owner of the whiskey.

All the exceptions are overruled, and it is the judgment of this Court that the appeal be dismissed.

MESSRS. JUSTICES WATTS, COTHRAN and STABLER, and MR. ACTING ASSOCIATE JUSTICE C. J. RAMAGE concur.

MR. CHIEF JUSTICE GARY did not participate.