### STATE v. CHEVIS HERRING.

(Filed 27 January, 1931.)

**1. Criminal Law G 1—Evidence discovered as result of confession is admissible although confession is incompetent.**

The fact that a confession of the defendant is incompetent because not voluntarily given does not render certain incriminating evidence discovered by reason of the confession incompetent, and such evidence is admissible when otherwise competent.

**2. Criminal Law G f—Testimony in this case held admissible as being of admission by defendant.**

Testimony by a witness of a conversation between the two prisoners charged with murder is competent against the one whose conversation admitted certain facts tending to implicate him in the commission of the crime as being of an admission by him.

APPEAL by prisoner, Chevis Herring, from *Moore, Special Judge,* at August Term, 1930, of SAMPSON.

Criminal prosecution tried upon an indictment charging the prisoner with the murder of one F. F. Newton.

Verdict: Guilty of murder in the first degree.

Judgment: Death by electrocution.

The prisoner appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Howard H. Hubbard for defendant.*

STACY, C. J.   The record discloses that on 28 June, 1930, F. F. Newton was brutally assaulted and robbed while on his way from Kerr, N. C., where he was postmaster, to his home in the country, a distance of approximately two and a half miles.   He died the next day from the effects of the assault.

The indications were that two persons had ambushed themselves near a bay and along the road traveled by the deceased.   A struggle ensued. There were signs of a beaten down place and a trail in the grass with foot prints on either side, where the body of the deceased had evidently been dragged from the road to the bay.

As a result of an alleged confession made by the defendant, Chevis Herring, but which the court excluded as involuntary, the officers found a number of things which tallied with what the defendant had said in his alleged confession.   Among these was the watch of the deceased which had been wrapped in an old envelope addressed to the defendant. Likewise a string used as a watch chain, etc.   A piece of bloody cloth was also found near the scene of the struggle, which apparently had been torn from Chevis Herring's shirt.   This evidence was competent. *S. v. Moore,* 2 N. C., 482; *S. v. Danelly,* 116 S. C., 113, 107 S. E., 149, 14 A. L. R., 1420; 8 R. C. L., 196; 1 R. C. L., 472.

The prisoner's chief exception is to an alleged colloquy had between himself and his brother, Ernest Herring, while the two were in jail, awaiting trial, both being charged with the murder of F. F. Newton. Deputy Sheriff R. H. Holland testified that he secreted himself under the cell window and heard the two arguing about how the deceased was killed: "Chevis said, 'Ernest, you know you made the bargain.'   And Ernest said, 'Why did you tell a lie on me?'   And Chevis said, 'You did the hitting, and I went to Kerr Station and you told me to come on there, and we went there, and you got behind the stump and hit the man, and I said, "you ain't going to kill the old man, are you?"   And you promised me you would not have my name in it.'   Ernest said to Chevis, 'What do you want to lie on me for?   You know I didn't have anything to do with it.'   Chevis said, 'You just as well tell the truth about it, the Lord knows.'   Ernest said, 'You know you are just telling a lie on me.'   And Chevis said, 'Lord, Lord, Lord,' and whistled, and said, 'You know what the bargain was.' "

This colloquy, as we understand it, or at least that part of it attributable to the present defendant, clearly indicates an admission or declaration on his part of participation in the crime.   It is true, he under-

took to inculpate his brother with the actual killing of the deceased, · but at no time did he purport to exculpate himself from participation in the homicide. Both his presence at the scene and his participation in the crime were conceded by the defendant in his part of the alleged conversation.

The principle, therefore, upon which the prisoner relies, to wit, that a statement which attempts to exculpate the declarant and inculpate another is not admissible as against the latter (16 C. J., 657), would seem to be inapplicable to the evidence here offered.

Ernest Herring denied all knowledge of the crime. He neither admitted his own complicity nor charged his brother with participation therein. The alleged statements of Chevis Herring, on the other hand, clearly indicated full knowledge on his part and partook of the nature of admissions. 16 C. J., 660. This evidence, therefore, was competent, and the court committed no error in admitting it as against Chevis Herring.

The remaining exceptions are without substantial merit. They must be overruled. A careful perusal of the record leaves us with the impression that no reversible error was committed on the trial, hence the verdict and judgment will be upheld.

No error.