THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PABLO DELERME, Defendant and Appellant.

No. 6235. Argued March 30, 1937.—Decided May 7, 1937.

L. *Serbiá Córdova* and P. *Pérez Pimentel* for appellant. R. A. *Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from a conviction for carrying a prohibited weapon. The sole assignment of error is in effect

that appellant, both on the facts and the law, was improperly found guilty of such an offense. The appellant is right when he maintains that there was only one witness, Alvarado, who gave any testimony directly tending to convict him and also that this witness contradicted himself. Alvarado testified that the defendant fired a shot from a pistol but then said that witness did not see him fire the shot. If one is in the neighborhood of a person there can be a realization from the sound that a shot is being fired and by that particular person. Also, as the prosecuting attorney (*Fiscal*) suggests, the witness might have been trying to protect a friend. Appellant does not deny that shots were being fired but insists that no one could know who fired them. The physical situation and the circumstantial evidence tended to show that Alvarado and the appellant were on the scene where the shots were fired. Then the court might conclude that it was not Alvarado who fired the shot and by exclusion that the defendant did so. Just before rendering judgment the court said that considering the testimony of the witnesses in their different modes of expression it had become convinced that the defendant had committed the crime of which he was accused.

There is another element. The evidence tended to show that the defendant was on the scene of the shooting and could have fired the shot. He did not content himself with simply denying that he fired. He and other witnesses attempted to prove an alibi which would have put him distinctly in another place than the one of the *res gestae*. The court evidently did not believe this testimony, and its introduction and the attempt to procure an acquittal by it, could and may have been considered by the trial court as a circumstance against him. If the court was clearly convinced that the evidence was fabricated it could have even regarded it as an inferential admission of guilt. Note to the case of *State* v. *Dawelly,* 107 S. E. 149 in 14 Am. Law Rep. Annotated 1439, *et seq.*

These considerations all support the judgment of the lower court, which therefore should be affirmed.