14649

STATE v. MELTON

(196 S. E., 181)

January, 1938.

*Mr. Jennings L. Thompson,* for appellant,

*Mr. J. Allen Lambright, County Solicitor,* for the State,

March 29, 1938.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

On January 19, 1938, several rural policemen of Spartanburg County procured a search warrant, and went to the home of appellant in said county for the purpose of searching for illegal liquor. Upon the arrival of the officers, or immediately thereafter, the appellant, who was in his automobile at the time, after being informed of the purpose of the visit of the officers, and having waived the reading of the search warrant, told them, "That is all right, go ahead," and drove on off.

The officers found a ten-gallon keg of whisky, covered by pine tops, 117 steps from appellant's back porch in a pasture. There were tracks from appellant's home to the place where the whisky was found. The nearest house, other than appellant's, was about 300 yards away, and across a small creek.

Upon finding this whisky, these officers arrested the wife, the father, and the son of appellant, and the son's wife, and placed them in the Spartanburg County jail. Before leaving the premises, the son, while denying any knowledge of the liquor, offered to assume responsibility for it if the officers would not arrest and carry to jail his mother, his wife, and his grandfather, an old man and a paralytic; but the officers refused to allow him to do so. The five-year old grandchild of appellant was also carried to jail with the others, but not as a prisoner. There was no one at the home of appellant with whom the child could be left, and according to the officers, the mother "kept him with them."

We are at a loss to understand upon what theory these officers arrested and placed in jail the paralytic father of appellant, the appellant's wife, and his son's wife. There is nothing in the record justifying any such action on their part, and it is deserving of the severest condemnation.

On the night of this wholesale arrest, the appellant came in to Spartanburg and communicated with a Mr. Brady, who was with the searching party, and the record discloses is *chief of detectives;* and assumed all responsibility for the liquor, conditioned upon his family (his aged father, his wife, his son and daughter-in-law, and of course the five-year old grandchild) being released from the jail. Before accepting the proposition, Brady told appellant if the liquor was his to say so, but if it belonged to those in jail, he didn't want him to claim it. Whereupon, appellant said he would assume all responsibility.

The testimony concerning appellant having assumed all responsibility for the whiskey was unobjected to, in fact, the State's witness Brady was thoroughly cross examined concerning it, and at the conclusion of his cross examination appellant moved to strike out the testimony upon the theory that it was a confession or admission made by reason of hope of reward held out to him, to wit, the release of the others from custody.

Appellant's exception thereabout does not allege error in refusing to strike out this testimony, but error in admitting it. However, waiving this and passing upon the admissibility of the testimony, it appears that the "confession" was voluntary on the part of appellant. He made the proposition to the officers, not the officers to him. The general rule as to the admissibility of a confession or an admission is stated in *State v. Rogers,* 99 S. C., 504, 83 S. E., 971, and quoted with approval in *State v. Danelly,* 116 S. C., 113, 107 S. E., 149, 151, 14 A. L. R., 1420, as follows: "A confession is not admissible unless it is voluntary, and the question whether it is voluntary must be determined, in the first instance, by the presiding Judge, but the jury must be the final arbiters of such fact. *State v. Branham,* 13 S. C., 389; *State v. Workman,* 15 S. C., 540; *State v. Carson,* 36 S. C., 524, 15 S. E., 588."

After quoting a portion of the above in *State v. Danelly, supra,* the opinion continued:

"We do not understand, however, that this is an absolutely inflexible rule.

"The court in *State v. Moorman*, 27 S. C., 22, 2 S. E., 621, after stating the general rule to be that the preliminary question of the admissibility of a confession or admission should be first determined by the presiding judge, declares:

" 'But at last this matter is left very much to the discretion of the judge upon all the circumstances of the case.'

" 'If there is a conflict of evidence, and the court is not satisfied that the confession was voluntary, the confession may be submitted to the jury, under instructions to disregard it, if upon all the evidence they believe it was involuntary.' 12 Cyc., 482."

We think the trial Judge committed no error in refusing to strike the testimony relating to the confession or admission of appellant, but he should have submitted to the jury the question, if under the circumstances the confession or admission was voluntary, with instructions to disregard it if they found it was not voluntary. However, he was not requested so to charge, although near the close of his charge to the jury, the trial Judge inquired of counsel for appellant if he desired "anything further"; and there is no exception to the charge.

A careful reading of all of the testimony as to the location of the home of appellant with reference to where the whisky was found, and the other testimony in connection therewith, made it necessary for the trial Judge to submit the case to the jury, and in doing so, he committed no error.

The trial Judge was correct in his statement, made during the trial of the case, that (referring to this Court) : "They do not seem to have any hesitancy in reversing me when they think I make a mistake." May we add: This Court equally has no hesitancy in affirming the rulings of the learned Judge, when correct.

All exceptions are overruled, and the judgment appealed from is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham and Fishburne concur.

Mr. Justice Carter did not participate on account. of illness.