JOSEPH ARNOLD, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

*It seems,* that this court does not sit as an arbiter of manners as to the lower courts; and even if there is anything overbearing or indecorous in the manner of the court, in putting a proper question to the prisoner when a witness on his own behalf on a criminal trial, it cannot be reviewed here unless injustice might have resulted.

A general exception to all of a charge, upon a particular point, is unavailable here when a portion of the charge is correct; the attention of the court must be called to the erroneous portions.

(Argued November 26, 1878; decided December 3, 1878.)

PLAINTIFF in error was tried and convicted upon an indictment charging him with an assault with intent to kill. The judgment was affirmed mainly upon the opinion of the court below. Upon the trial the prisoner was called as a witness in his own behalf, and in the course of his examination was asked a question by the recorder. It was claimed by the counsel upon the argument here that the question was asked in an overbearing and indecorous manner, and was calculated to throw ridicule upon the prisoner's statement. *Held,* that the question in itself was proper and nothing in the case indicated anything improper in the mode of asking it; but that if it did this court could not review it unless injustice might have resulted, that " it does not sit as an *arbiter morum quoad* the lower courts."

After charging upon a certain point, as requested by the prisoner's counsel, the court made some remarks in reference thereto. At their close said counsel excepted generally to all of them. It was claimed here that some of them were erroneous. The court did not construe the remarks as did the counsel, but held that if there was a mistake or error the counsel should have called the attention of the court to the particular error, that it was not reached by the general exception where a portion of the charge was clearly correct.

*Max C. Huebner* for plaintiff in error.

*Benjamin K. Phelps* for defendants in error.

ı *Per Curiam* opinion for affirmance.
All concur.
Judgment affirmed.