WILLIAM HENRY V. STATE OF NEBRASKA.

FILED APRIL 21, 1897. No. 8991.

1. **Homicide.** Whoever kills another while engaged in the perpetration, or attempted perpetration, of any rape, robbery, arson, or burglary is, by section 3, Criminal Code, declared to be guilty of murder in the first degree.

2. ———. It is in such case, in order to sustain a conviction for murder in the first degree, not essential that the killing be such as, in the absence of the statute, would amount to murder as distinguished from manslaughter.*

*Further discussion of this subject and reference to many authorities will be found in *Morgan v. State*, 51 Neb., 692.

3. Criminal Law: Evidence: Jury. The jurors are, under our prac-
   tice, judges of the probative force of the evidence.

4. ———: Instructions: Discrediting Defense. It is error in a crimi-
   nal prosecution for the trial court to discredit a particular defense
   by advising the jury that it is one "easily fabricated, that it has
   occasionally been successfully fabricated, and that the temptation
   to resort to it as a spurious defense is very great, especially in
   cases of importance."

5. ———: Proof of Alibi. It is not essential that the proof of an
   alibi should include the entire period during which the offense
   might possibly have been committed but will entitle the accused
   to an acquittal whenever the evidence is sufficient to create in
   the minds of the jurors a reasonable doubt of his presence at the
   commission of the offense with which he stands charged. (*Casey
   v. State*, 49 Neb., 403.)

6. ———: Contradictory Instructions. An erroneous instruction is
   not cured by the mere giving of another on the same subject con-
   tradicting it. (*First Nat. Bank of Denver v. Lowry*, 36 Neb., 290.)

ERROR to the district court for Gage county. Tried be-
low before STULL, J. *Reversed.*

*R. D. Sutherland*, *C. E. Bush*, and *J. E. Bush*, for plaintiff
in error.

*C. J. Smyth, Attorney General*, and *Ed P. Smith, Deputy
Attorney General*, for the state.

POST, C. J.

The plaintiff in error, William Henry, was by the
county attorney of Jefferson county, jointly with one Zim-
merman, charged with the crime of murder in the first
degree. A change of venue was, on his motion, allowed to
Gage county, where a separate trial was had, resulting in
a verdict of murder in the second degree and sentence to
imprisonment in the penitentiary for a term of ten years,
which judgment it is sought to reverse by means of this
proceeding. The information, in apt language, charges
the defendants therein with fatally shooting the deceased,
Russel S. Graham, purposely and of their deliberate and
premeditated malice, with intent him, the said Graham,
thereby to kill and murder,

The first assignment of error to which our attention is directed by the argument of counsel for plaintiff in error relates to the giving of the following instruction on the court's own motion: "The court instructs you that the crime of murder in the first degree is committed when a person of sound memory and discretion unlawfully, purposely, and with deliberate and premeditated malice, kills another person in the peace of the state, or·in the perpetration, or attempt to perpetrate any rape, arson, robbery, or burglary, shall unlawfully kill another person in the peace of the state. In this case, if you find from the evidence, beyond a reasonable doubt, that the defendant William Henry unlawfully, purposely, and of deliberate and premeditated malice, killed Russell S. Graham, on or about the 5th day of June, 1895, in the county of Jefferson and state of Nebraska, or if you find from the evidence, beyond a reasonable doubt, that in the perpetration, or attempt to perpetrate, a robbery or burglary, William Henry unlawfully killed Russell S. Graham, on the 5th day of June, 1895, in the county and state aforesaid, in the manner and form charged in the information, then you should find the defendant guilty by your verdict, and in that event you should find by your verdict what the penalty shall be, whether the defendant shall suffer death or shall be imprisoned in the penitentiary during his natural life." The contention of counsel, as we understand their position, is that in order to authorize a verdict of murder in the first degree, when the homicide is shown to have been committed in the perpetration, or attempted perpetration, of a rape, robbery, arson, or burglary, it is not sufficient that the killing be unlawful in the sense that it would, in the absence of the statute hereafter cited, warrant a conviction on the charge of manslaughter, but must be such as to amount to murder in the first or second degree. In other words, they contend that so much of section 3 of the Criminal Code as provides that if any person "in the perpetration, or attempt to perpetrate, any rape, robbery, arson, or burglary

\* \* \* kill another, \* \* \* every person so of-
fending shall be deemed guilty of murder in the first
degree," should be construed to mean if any person mur-
der another, etc.   But to that argument a sufficient an-
swer is that the legislature has not so enacted, but has,
on the contrary, declared that whoever kills another in
the perpetration, or attempted perpetration, of either of
the enumerated felonies shall be deemed guilty of mur-
der.   In so doing the legislature has, in the language of
an eminent exponent of the criminal law, merely drawn
its lines around the particular combination thus included
under a penalty.   (1 Bishop, Criminal Law, sec. 776.)
"Where," as said by the same author, "the law forbids a
defined combination of act and intent and provides a pen-
alty for the violation of the inhibition, it establishes a
distinct or specific crime."   (1 Bishop, Criminal Law, sec.
599.)   With such frequency has the rule as thus stated
been applied in the administration of the criminal law,
that its soundness may be said to be generally recognized
in this country.   (*Smith v. State*, 34 Neb., 689; *Graves v.
State*, 45 N. J. Law, 204-358; *Moynihan v. State*, 70 Ind.,
126; *Buel v. People*, 78 N. Y., 492.)

Although the evidence has not been preserved by
means of a bill of exceptions, it is apparent that there
was an attempt to establish an alibi, and with respect to
which the court, in general terms, charged that it was
sufficient for the purpose of the defense relied upon if
the jury, from a consideration of all the evidence, enter-
tained a reasonable doubt of the presence of the accused
at the commission of the homicide.   It also, at the re-
quest of the state, gave the following instructions, which
are now assigned as error:

"9. The effect of an alibi, when established, is like that
of any other conclusive fact presented in a case, showing,
as it does, that the party asserting it could not have been
present at the time of the homicide, and therefore did not
participate in it, is, when credited, a defense of the most
conclusive and satisfactory character.   The fact, how-

ever, which experience has shown, that an alibi, as a defense, is capable of being and has been occasionally successfully fabricated, that even when wholly false its detection may be a matter of very great difficulty, and that the temptation to resort to this as a spurious defense may be very great, especially in cases of importance. These are considerations attendant upon this defense which call for some special suggestions upon the part of the court. These are that while you are not to hesitate at giving this as a defense full weight, that conclusive effect to which, when established, it is justly entitled, either as entirely satisfying you of the innocence of the defendant or as creating the reasonable doubt which entitles the defendant to an acquittal, still you are to scrutinize the testimony offered in the support of an alibi with care, that you may be satisfied that a fabricated defense is not being imposed upon you.

"10. The court instructs you that the defendant, William Henry, to establish an alibi, must not only show that he was present on the south side of the Republican river, between the towns of Franklin and Riverton, in Franklin county, state of Nebraska, at the time when the murder was committed at Bower post-office, Jefferson county, Nebraska, but also that said William Henry was at some point between the said towns of Franklin and Riverton, in Franklin county, Nebraska, such a length of time that it would be impossible for him to have been at Bower post-office, Jefferson county, Nebraska, where the murder was committed.

"11. The court instructs you that a defendant, to establish an alibi, must not only show he was present at some other place about the time of the alleged crime, but also that he was at such other place such a length of time that it was impossible for him to have been at the place where the crime was committed."

The inquiry, in the absence of a bill of exceptions, is whether the foregoing instructions are applicable to any evidence admissible to support the charge of the informa-

tion.   It was said in *Casey v. State,* 49 Neb., 403, that an alibi is a legitimate defense and should not be disparaged by the trial court, the sufficiency of the evidence for the purpose of establishing such defense being a question of fact for the jury.   We are aware that instructions in substantially the language employed in paragraph No. 9 have received the approval of courts of the highest standing.   We are, however, unable to conceive of any sound reasons for cautionary instructions with respect to an alibi which do not apply with equal force to any other defense.   Although it is true, as said by the district court, that an alibi "is a defense which has been frequently fabricated, that even when wholly false its detection may be difficult, and that the temptation to resort to it as a spurious defense may be great," it is a fact, abundantly attested by the observations of every judge experienced in the administration of the criminal law, that attempts to fabricate self-defense as a justification, or to simulate insanity as an excuse, are not less frequent or successful than like impositions with respect to an alibi.   Instruction No. 9 would, it is conceded, be defensible in those jurisdictions where it is permissible, in charging the jury, to comment upon the evidence.   But that it is within the province of the judge under our practice, by means of cautionary instructions, to discredit a particular defense or the evidence in support of a particular proposition we cannot admit, since witnesses are by no known rule of law or logic presumed to be less truthful simply because they testify concerning an alibi.   In *Sater v. State,* 56 Ind., 378, it is said of an instruction of similar import that "Taken altogether it tends too strongly to cast suspicion upon an alibi as a defense, and to prejudice the minds of the jury against such defense.   It seems to have been intended, too, by it to lay down a more rigorous rule for the consideration of evidence tending to prove an alibi than was required as to the other evidence in the cause."   (See, also, to the same effect, *Line v. State,* 51 Ind., 172; *Spencer v. State,* 50 Ala., 124; *Simmons v. State,* 61 Miss., 243; *Nelms*

*v. State*, 58 Miss., 362; *Dawson v. State*, 62 Miss., 241; *Murphy v. State*, 31 Fla., 166; *People v. Kelly*, 35 Hun [N. Y.], 295.)

We are also of the opinion that the court erred in giving instructions numbered 10 and 11, by which the burden was imposed upon the accused of proving his presence in Franklin county for such length of time that it was impossible for him to have been present at the commission of the homicide. It follows logically, if not necessarily, from the decisions of this court that the proof of an alibi is not required to cover the entire period within which the offense might possibly have been committed, but that the accused is entitled to an acquittal whenever the evidence is sufficient to create in the minds of the jurors a reasonable doubt of his presence at the commission of the offense with which he stands charged. (*Mc-Lain v. State*, 18 Neb., 154; *Casey v. State, supra*. See, also, *Kaufman v. State*, 49 Ind., 248; *Stuart v. People*, 42 Mich., 255; *Pollard v. State*, 53 Miss., 410; *State v. Jaynes*, 78 N. Car., 504; *Albritton v. State*, 94 Ala., 76; *Caffery v. State*, 94 Ala., 76; *Bennett v. State*, 17 S. W. Rep. [Tex.], 545; *Beck v. State*, 51 Neb., 106.) The attorney general, while not defending the instructions to which the foregoing criticism is directed, argues that the giving thereof is at most error without prejudice, in view of the fact that the rule was correctly stated in the general charge of the court. It is true, as counsel contend, that instructions should be construed together, and if when so considered they fairly embody the law of the case, the fact will afford no ground for reversal that one or more of the expressions used, separately construed, might appear to be erroneous. (*St. Louis v. State*, 8 Neb., 405; *Murphy v. State*, 15 Neb., 383; *City of Lincoln v. Smith*, 28 Neb., 762; *Debney v. State*, 45 Neb., 856.) The rule thus stated is, however, but a modification of the doctrine recognized in all jurisdictions, that the giving of inconsistent and contradictory instructions with respect to a material proposition is reversible error, since it is, in general, im-

· possible to determine whether the jury in their deliberations have followed the good or the bad .one. Or, to use the language of NORVAL, J., in *First Nat. Bank of Denver v. Lowrey*, 36 Neb., 290, "An erroneous instruction is not cured by the mere giving of another on the same subject contradicting it." To the same effect, also, are *Wasson v. Palmer*, 13 Neb., 377; *Frederick v. Ballard*, 16 Neb., 559; *Carson v. Stevens*, 40 Neb., 112. And the rule applied in the cases cited is especially applicable to the case of an erroneous specific direction following a correct general instruction. (*Pittsburgh, C. & St. L. R. Co. v. Krouse*, 30 O. St., 222.) The giving of instructions 10 and 11 is error requiring a reversal of the judgment, whatever may have been the evidence tending to prove the alibi relied upon, since to no conceivable state of facts can the direction therein be held applicable.

REVERSED.