(108 So. 84)

## WILLIAMS v. STATE.   (7 Div. 143.)

(Court of Appeals of Alabama.   April 6, 1926.)

**1. Intoxicating liquors ⊕⇒238(1).**

Affirmative charge for defendant, in prosecution for violating prohibition laws, *held* properly overruled, where evidence was sufficient to present question for jury.

**2. Criminal law ⊕⇒829(1)—Special charges, substance of which was covered by oral charge and written charges given at instance of defendant, held properly refused.**

Special charges *held* properly refused, where substance of law properly stated therein was fairly and substantially covered by oral charge and written charges given at instance of defendant.

**3. Criminal law ⊕⇒763, 764(6)—Instruction, in liquor prosecution, that failure of defense of alibi was strong circumstance against defendant which jury should consider, held erroneous.**

Instruction, in liquor prosecution, that, where defense of alibi is put in and fails, that it was a strong circumstance against defendant which jury should consider, *held* erroneous.

**4. Criminal law ⊕⇒775(3)—Correct instruction on defense of alibi is that jury should consider evidence supporting alibi with all other evidence and should acquit defendant, if, on consideration of whole evidence, there was reasonable doubt of guilt.**

Correct instruction relative to defense of alibi is that evidence to support alibi should be weighed and considered by jury in connection with all other evidence, and if, on consideration of whole evidence, there is reasonable doubt of defendant's guilt, he should be acquitted.

**5. Criminal law ⊕⇒319—Jury may take into consideration failure of accused to establish defense of alibi as throwing light on question of guilt.**

Where accused sets up alibi as defense and fails in establishing it, jury may take into consideration that circumstance as throwing light on question of whether he is guilty or not.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Wes (alias Wesley) Williams, was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

Leeper, Wallace & Saxon, of Columbiana, for appellant.

The burden was upon the state to prove the allegations of the indictment, and, failing in this, defendant should have had the affirmative charge. Stanley v. State, 102 So. 245, 20 Ala. App. 387; Murphy v. State, 104 So. 686, 20 Ala. App. 624. Proof of an alibi is a defense as legitimate as any other, and the trial court should not charge that failure to establish it should be considered as a strong circumstance against the defendant. Albritton v. State, 10 So. 426, 94 Ala. 76.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The evidence presented a question for the jury. Glaze v. State, 100 So. 629, 20 Ala. App. 7. There was no error in the excepted-to portion of the oral charge. Threet v. State, 91 So. 890, 18 Ala. App. 342; Wiley v. State, 65 So. 204, 10 Ala. App. 249; Jones v. State, 58 So. 250, 176 Ala. 20; Tatum v. State, 31 So. 369, 131 Ala. 32.

BRICKEN, P. J. [1] We regard the evidence in this case sufficient to present a question for the determination of the jury. The affirmative charge requested by defendant was therefore properly refused.

[2] There are numerous questions presented upon this appeal predicated upon exceptions to the rulings of the court upon the admission of evidence; also upon the refusal of several written charges requested by defendant. There were exceptions also reserved to several excerpts of the oral charge. The refusal of the special written charges by the court appears to be justified and without error, for in each instance where the law is properly stated in said charges the substance thereof was fairly and substantially covered by the oral charge and by the written charges given at the instance of the defendant.

An examination of the several rulings of the court upon the testimony, to which exceptions were reserved, convinces us that these exceptions are of no import and are without merit. In this connection we discover no error of a reversible nature in any of said rulings.

[3-5] There is no escape, however, from a reversal of the judgment of conviction appealed from in this case because of the inapt and erroneous statement of the law in the court's oral charge relative to the defense of alibi wherein the court said:

"There is a rule of law, however, that, where a defense of an alibi is put in and fails, that is a strong circumstance against the defendant, and you are to consider that rule in connection with all the other rules of law in arriving at your verdict."

The appellant duly and legally reserved exception to this part of the oral charge of the court. In the case of Albritton v. State, 10 So. 426, 94 Ala. 76, the trial court charged the jury at the instance of the prosecution:

"An unsuccessful attempt to prove an alibi is always a circumstance of great weight against the prisoner."

We regard the term "strong circumstance against the defendant" and "a circumstance of great weight against the prisoner" as being of the same import. In the Albritton Case, supra, the Supreme Court held said charge reversible error. We must so hold in the instant case. The statement here com-

plained of was invasive of the province of the jury, for the jury are the sole judges of the weight and sufficiency of evidence submitted to them for their consideration, and it is error for the court to charge as to what constitutes "a strong circumstance," or that a given state of facts constitutes "a circumstance of great weight against the prisoner." The correct rule has been stated to be:

"Evidence to support an alibi should be weighed, considered by the jury just as other evidence and in connection with all the other evidence, and, if, upon consideration of the whole evidence, there is a reasonable doubt of defendant's guilt, he should be acquitted." Jones v. State, 58 So. 250, 176 Ala. 20.

In other words, if an accused sets up an alibi as a defense and fails in establishing it, the jury may take into consideration that circumstance as throwing light on the question of whether he is guilty or not. Threet v. State, 91 So. 890, 18 Ala. App. 342, and cases cited.

Reversed and remanded.