7 So.2d 292

## CANTY v. STATE.

### 3 Div. 362.

Supreme Court of Alabama.

March 19, 1942.

Rehearing Denied April 16, 1942.

---

[1] Ante, p. 19.

Alex C. Birch and Ralph Ghent, both of Montgomery, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

BOULDIN, Justice.

This is the second appeal in this cause. On the first trial the defendant was convicted of murder in the first degree, and his punishment fixed by the jury at death. This court affirmed the judgment. Canty v. State, 238 Ala. 384, 191 So. 260.

The judgment of this court was reversed by the Supreme Court of the United States, without opinion, Canty v. Alabama, 309 U.S. 629, 60 S.Ct. 612, 84 L.Ed. 988, citing Chambers v. Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716. On the second trial there was verdict of guilty of murder in the first degree, and punishment fixed at imprisonment for life.

The evidence for the State revealed a most atrocious crime, the brutal murder of the deceased, Eunice Ward, and the grievous wounding of her sister, while out gathering wild flowers in a wooded area near the Masonic Home, a few miles out of Montgomery. The victim was a white woman, the murderer a negro man.

■ The question of identity of the perpetrator was the controverted issue in the case; was Dave Canty the man? The burden was on the State to prove this fact beyond a reasonable doubt. Of necessity, this involved proof identifying Dave Canty as the man present at the scene of the crime at the time.

The defendant offered evidence of an alibi, evidence tending to show he was elsewhere at the time.

■ The court instructed the jury quite accurately upon the presumption of innocence attending the defendant upon his plea of not guilty. He then instructed the jury in these words:

"Now, to this indictment, the defendant says, that he is not guilty. Further, he sets up as his defense, an alibi. Well, the law says this with reference to an alibi, that an alibi is easily manufactured, and should be taken with great caution. But, once, an alibi is established, it is as good a defense as is known to the law."

This instruction found support in Provo v. State, 55 Ala. 222. That case was expressly overruled in Johnson v. State, 223 Ala. 332, 135 So. 592, a decision by the full court, all the Justices concurring, and sustaining the decision of the Court of Appeals [24 Ala.App. 291, 135 So. 592] holding the giving of an instruction to like effect reversible error. For a full review of our cases, see Ragland v. State, 238 Ala. 587, 192 So. 498; Annotation, 124 A.L.R. 471 et seq.

The instruction above set out is misleading, to say the least, in treating an alibi as a distinct and affirmative defense to be "established" by the defendant. Such evidence goes to refute the evidence introduced by the State to identify the accused as the guilty man. The whole evidence is to be considered by the jury in the solution of that inquiry. The grave vice of such instruction is an invasion of the province of the jury; tends to disparage alibi evidence as matter of law, single it out to be viewed with distrust.

■ It is the function and duty of jurors to weigh all evidence with care, bringing to their aid all the tests of credi-

bility and probative force of the testimony of witnesses.

Later in the oral charge, the court gave this instruction:

"If you believe the alibi, if you believe the alibi, taken in connection with all the other evidence in the case, raises a reasonable doubt of his guilt * * * you should find him not guilty."

The court further gave written charges 2, 19, and 20.

These charges were adequate statements of the law* on behalf of the defendant on the question of reasonable doubt. But they do not withdraw, nor deal with the disparaging effects of the first instruction when the jury came to consider the whole evidence, and, reach their conclusion on the vital issue of identity.

Our late decisions are in accord with late Standard Law Publications on the subject. 26 Am.Jur. 535, § 545; 23 C.J.S. 764, Criminal Law, § 1206.

For error in instructions to the jury, the judgment must be reversed and the cause remanded.

■ Appellant's counsel press upon our consideration an insistence that the evidence was not sufficient to support a conviction, and a verdict of guilty upon the evidence should not be permitted to stand.

We deem it proper to say the issue was clearly one for the jury; and the motion to set aside the verdict because not supported by the evidence was properly overruled.

Reversed and remanded.

GARDNER, C. J., FOSTER, and LIVINGSTON, JJ., concur.