THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
HERMAN RABINOWITZ, Appellant.

Argued January 13, 1943; decided April 22, 1943.

*Jacob Shientag* for appellant.

*Frank S. Hogan, District Attorney (Stanley H. Fuld* and *Charles H. McHugh* of counsel), for respondent.

DESMOND, J.  Defendant was convicted of the crime of robbery in the first degree and sentenced to a state prison for a term of not less than ten nor more than fifteen years.  The evidence for the prosecution consisted of the testimony of the victim of the alleged robbery and of two eye witnesses, all of whom identified the defendant as the man who had committed the robbery on August 27, 1937 between 10:30 and 11:00 A. M.  The only defense witness was the mother of defendant.  The substance of her testimony was that during 1937, the defendant had worked in her candy store between 6:00 A. M. and noon, every day.  On cross-examination the mother conceded that defendant may have taken a week off to go somewhere.  Concerning this testimony of defendant's mother, the court charged the jury: " The defendant further states through the testimony of his mother that he was busy there in the candy store in the month of August, 1937.

" Of course, as I told you before, alibi is a word that means elsewhere. It is the best defense an honest man can have — an honest man. If the alibi is false you may take the falsity of the alibi on the question of the defendant's guilt. *Then, of course, if you reject the alibi, you naturally, logically, accept the testimony of the State's witnesses."*

Defendant says that the italicized language in the above quotation from the charge is an erroneous statement of the law, so. prejudicial to defendant's rights as to require reversal. We find in the authorities cited by the District Attorney no justification whatever for such an instruction to a jury. The jury here was told that, if it should disbelieve the testimony of the defense witness that defendant was busy at his work every day at the hour of crime, then the jury should " naturally, logically," accept the testimony of the State's witnesses identifying the defendant as the robber. Clearly this was error, and serious error. This court has many times discussed the defense of alibi. It has held that it is not essential that alibi be proven beyond a reasonable doubt (*People* v. *Vaccaro,* 288 N. Y. 170, 173; *People* v. *Elmore,* 277 N. Y. 397), that the alibi testimony need not be such as to show that it would have been impossible for the defendant to have committed the crime charged (*People* v. *Barbato,* 254 N. Y. 170; *People* v. *Perry,* 277 N. Y. 460), that alibi is not an " exculpatory defense upon which the defendant has the burden of proof," but is evidence which may tend to cast doubt into the minds of the jury as to whether the defend-ant is guilty. (*People* v. *Russell,* 266 N. Y. 147, 152). In *People* v. *Russell* (*supra*) the Trial Court had told the jury in effect that if it did not believe defendant's alibi witnesses, the jury might consider the alibi " defense " a fabrication, a corroboration of the testimony of the People's witnesses and an admission of the truth of their testimony. If, said this court in that case (266 N. Y. at page 153), the jury did choose to accept as true the prosecution's evidence, then rejection of the alibi testimony would necessarily result, but not vice versa. Disbelief of the defendant's witnesses could not, it was said, be *corroboration* of the People's witnesses. Much less could it be, as the charge says here, that the rejection of defendant's proof spells acceptance of the People's proof. Jurors in a case like this, may, for any one or more of a variety of reasons, choose to disbelieve

the alibi evidence. As triers of the facts they may doubt the accuracy of the witness' memory, or may note the confusion or hesitation in her speech, or may consider the testimony inherently improbable or the witness herself generally unworthy of belief. If rejection of alibi testimony, for those or other reasons, must lead " naturally " and " logically " to an acceptance of the prosecution's proof, then a defendant will have more to lose than to gain by proffering such evidence, except in the unusual case where the alibi proof is in itself so completely conclusive as to brook no disbelief. The charge above quoted can well mean (if indeed it is susceptible of any other meaning) that disbelief of the mother's story leaves to the jury only the automatic and imperative duty of announcing a verdict of " guilty."

We have not failed to note the language that immediately followed, in the court's charge in this case, the above quoted excerpt. The court went on to say " Never forget that there is no burden upon the defendant to prove his innocence — never." Correct though this and other similar statements of law in the charge undoubtedly were, they were not sufficient, in our opinion, to overcome the error of the direct and specific command that acceptance of one side's incriminating testimony must result at once from rejection of the other side's alibi testimony. The only real issue in this case was as to the accuracy of the identification testimony. When the jury were told that this issue might be decided by determining whether defendant's mother was falsifying or mistaken, the error was not one to be overlooked.

Claim is made that no proper exception to the erroneous instruction was taken. When asked for his exceptions or requests, defendant's counsel said: " * * * I also take exception to your Honor's remarks about the mother testifying." The only " remarks about the mother testifying " are in that part of the charge hereinabove quoted. We think the exception was sufficiently stated. Defense counsel, finding it necessary to protect his client's rights as against a prejudicial statement in the charge, should not be required to give added emphasis to the erroneous matter by repeating it at length.

The judgments should be reversed and a new trial ordered.

CONWAY, J. (dissenting). Whether or not a judgment of conviction should be reversed is often a matter of judgment in view of the legislative command contained in Code of Criminal Procedure, section 542, and in this instance a reversal would not appear to be in the exercise of sound judgment.

The test of the correctness of a charge is " Whether the jury, hearing the whole charge, would gather from its language the correct rules which should be applied in arriving at decision." (*People* v. *Russell,* 266 N. Y. 147, 153.) There is but a single sentence of the charge here of which complaint is made and we. do not think that the court's attention was directed to it clearly so that, assuming that he had erred, he could have corrected it. (*People* v. *Flanigan,* 174 N. Y. 356, 372; *Arnold* v. *People,* 75 N. Y. 603.)

We shall quote now the portion of the charge containing the sentence in question: " So I say, ladies and gentlemen, your problem here is to find who is telling the truth. The defendant claims through his attorney that the recollection of the State's witnesses is such, that it should create a reasonable doubt in your minds. Is that correct, Mr. Kreindler? Mr. Kreindler: Yes. The Court: The defendant further states through the testimony of his mother that he was busy there in the candy store in the month of August, 1937. Of course, as I told you before, alibi is a word that means elsewhere. It is the best defense an honest man can have — an honest man. *If the alibi is false you may take the falsity of the alibi on the question of the defendant's guilt. Then, of course, if you reject the alibi, you naturally, logically, accept the testimony of the State's witnesses.* Never forget that there is no burden upon the defendant to prove his innocence — never. The burden in a criminal case never shifts; throughout the entire case it is on the State to prove the defendant's guilt beyond a reasonable doubt from the beginning to the end."

Let us look at the two sentences which have been italicized. In the first one the jurors were told that if the alibi were false, the falsity might be considered on the question of defendant's guilt. " Then," said the court, " of course, if you reject the alibi, you naturally, logically, accept the testimony of the State's witnesses." As I read those two sentences, the word " then " refers to a finding that the alibi was false. The words " false "

and " falsity " had been used in the sentence preceding the use of the word "then."

Now let us examine the facts. The victim of the hold-up was one who regularly obtained the pay-roll money for his employer. On the day in question he drew the money, some $1300, from the bank and returned to his place of business. The defendant followed him into the building, pressed a pistol against his body and announced, " This is a stick-up." The defendant asked for " the envelope " which the victim had in his pocket. When given an envelope containing bank-books, the defendant looked at it, handed it back and said, " Give me the other envelope if you want to see your mother again." The money was then given to defendant. There was positive identification of defendant by the victim and two other witnesses.

As Judge DESMOND points out the only defense witness was the mother of defendant. On direct examination she testified that the defendant had been in her store every day during 1937 from " six in the morning until twelve afternoon." The robbery occurred in August, 1937 between 10:30 A. M. and 11 A. M.

It would be difficult to credit testimony that defendant opened the store at six " Every single day " in 1937 and invariably remained until noon. However, we need not speculate on the improbability of the testimony, for on cross-examination Mrs. Rabinowitz acknowledged that her son was not always in the store. She said: " Maybe he took some time, a week off to go out to some place."

Is not this just the kind of testimony — quite evidently concocted and almost transparently false — which as a matter of judgment caused our courts to lay down the doctrine charged by the trial judge that the jury might consider or " take the falsity of the alibi on the question of the defendant's guilt"? See the quotations from Colby's Criminal Law (vol. 2, p. 201) and from *Rex* v. *Brennan* (30 Howell's State Trials, 58, at p. 79) in *People* v. *Trombino* (238 App. Div. 61, 63, affd. 262 N. Y. 689.)

The fabrication or utter failure to prove an alibi is a factor for consideration by a jury in passing upon the guilt of a defendant. (See *People* v. *Croes*, 285 N. Y. 279, 282, 283; *People* v. *Pignataro*, 263 N. Y. 229, 234; *People* v. *Deitsch*, 237 N. Y. 300, 303; *People* v. *Trombino*, *supra*.)

It is defendant's contention that, by the portion of the charge which has been quoted, the court " advised that the defendant had to be convicted if the alibi was not accepted " and further that it "relieved the jury of the necessity of determining the credibility of the People's witnesses and placed the burden of establishing innocence upon the defendant.'' That is very far fetched. When the sentence under attack is read in its context, the jury could not possibly have been led to believe that non-acceptance of the mother's testimony justified a verdict of guilty without regard to evidence of identification.

The court had charged that the defendant was " presumed to be innocent  *  *  *  until his guilt is established beyond a reasonable doubt," and that the existence of a doubt entitled the defendant to an acquittal. The court had charged that " evidence on that question [identification] should be as far certain as human recollection under the most favorable circumstances will permit." He had charged that it was for the jury to say whether the People's witnesses who identified the defendant were telling the truth. He had charged: " It is for you to say whether or not this witness [Weissman] under those circumstances, both physical and direct — under the circumstances of this robbery, if you so find — would remember the man who held him up four years afterwards."

The defendant's argument really is that the jurors were so mislead by one sentence in the charge that they believed that " if the alibi was not accepted " by them it was their duty to convict the defendant of committing a robbery while armed with a pistol. We do not think that any jury, and certainly not a jury composed of six men and six women as in this case, were or could have been so misled.

The guilt of the defendant was clearly established and the judgments should be affirmed.

LEHMAN, Ch. J., LOUGHRAN, and RIPPEY, JJ., concur with DESMOND, J.; CONWAY, J., dissents in opinion in which FINCH and LEWIS, JJ., concur.

Judgments reversed, etc.