STATE, Respondent, v. JOHNSON, Appellant

(14 N. W.2d 420.)

(File No. 8587. Opinion filed May 12, 1944.)

**Max Stokes,** of Aberdeen, for Appellant.

**George T. Mickelson,** Atty. Gen., **Charles P. Warren,** Asst. Atty. Gen., and **Elmer Thurow,** State's Atty., of Aberdeen, for Respondent.

WARREN, P. J.   The defendant, John Arden Johnson, was charged with committing the crime of grand larceny of 22 hogs, the property of P. E. Peterson and A. D. Zimlicka, on the 8th day of June, 1941, in Brown County, South Dakota.   He was tried in circuit court.   The jury returned a verdict of guilty.   After the various formalities in the lower court, defendant perfected an appeal to this court.

Appellant by his appeal contends:   (1) That the court erred in not granting defendant's motion for a new trial; (2) that the state failed to lay a proper foundation for the introduction of evidence of the casts of truck wheel marks; (3) that there was no identification of the hogs; and (4) the impossibility that a man could load in a truck 22 two-hundred-pound hogs in a four-acre feed lot at night.

Appellant contends that the court erred in permitting the state to endorse on the information the names of certain additional witnesses.   Error is also charged in the court's ruling on admission of evidence.

Appellant contends that the court erred in giving instruction No. 3 and No. 10.   Appellant further urges that the court erred in not granting defendant's motion for a new trial based upon new evidence discovered since the trial. It is also urged that the defendant's counsel was not allowed sufficient time to prepare for trial in the circuit court.

We have examined the court's instruction No. 3 given by the court with reference to evidence of possession of property which had recently been stolen as applied to the facts in this case.   The instruction given by the court was

clearly a correct statement of the law to cover the evidence as to the possession of the hogs, as it seems clear from the evidence that the hogs were stolen some time during the night of June 7th and that next morning about 9 o'clock the appellant attempted to sell a truckload of hogs to the witness Scott some seven miles east of Mobridge, S. D. There seems to be clear identification of the appellant and the truck which contained these stolen hogs by Scott and Segerson some few hours after the hogs had been stolen at Aberdeen, S. D. Two of the tires on appellant's truck were identified by certain marks made in the ground where the truck had been loaded by casts made of the impressions of the tires, and which casts were offered and received in evidence. These facts furnish sufficient circumstantial evidence to go to the jury on the question of whether the hogs which were in the truck when the appellant drove into Scott's yard were the same hogs which had been stolen a few hours before at Aberdeen. The instruction given by the court is quite similar to an instruction approved by this court in State v. Larson, 41 S. D. 553, 172 N. W. 114, 115.

█ Comparing the instruction given by this court with that given in State v. Larson, which reads:

· "If from the evidence you should be convinced beyond a reasonable doubt that the property in question was stolen, and that the defendant soon after its theft was in possession of it, that is a circumstance to be taken into consideration by you in making up your verdict, and unless such possession is satisfactorily explained either by the defendant or by the facts and circumstances brought out upon the trial, it is sufficient upon which to base a conviction, provided upon the whole case you are satisfied beyond a reasonable doubt, of the defendant's guilt. If, upon the other hand, you believe that the possession of the defendant, under the circumstances shown by the evidence, is as consistent with his innocence as with his guilt, it is your duty to acquit him."

we feel that the trial court did not err in the language employed. The rule of law stated in the instruction is applicable to the facts in evidence and is squarely in line with the instruction given in State v. Larson, supra.

Appellant contends that the court erred in giving instruction No. 10. We are setting forth at length said instruction and have set out in bold face type that portion of the instruction which the appellant excepted to at the time the trial court was settling the instructions. Instruction No. 10 reads:

"The Court further instructs the jury that one of the defenses set up by the defendant in this case is what is known in law as an alibi, that is that the defendant was at another place at the time of the commission of the offense alleged in the information, and the Court instructs the jury that you should carefully consider all of the evidence based upon this point. If because of such evidence you have any reasonable doubt as to whether the defendant was at the place where the crime was committed at the time of the commission thereof, and that he committed the same, then you should give the defendant the benefit of the doubt and acquit him. **If you believe from the evidence in this case that the plea of alibi was not interposed in good faith, or that the evidence to sustain it is simulated, false and fraudulent, then that would be a discrediting circumstance to which you may look in connection with all the other evidence in determining the guilt or innocence of the defendant. You will examine the evidence on the subject of alibi with care.** If such evidence raises any reasonable doubt in the minds of any of you as to the guilt of the defendant, you should acquit him."

Appellant's exception was specific and urged error only against the bold-face portion of the instruction, and was couched in the following language:

"* * * for the reason that the instruction would tend to disparage the defense of alibi; would tend to induce the jury to treat the defense lightly, and instructs the jury to give the testimony of such witnesses less credit than the testimony of other witnesses, and is prejudicial to the defendant."

Much has been written upon cautionary instructions regarding an alibi as a defense. The authorities are not as harmonious as would be desirable. However, this instruction seems to particularly fit the facts shown by the evidence to

which this instruction was applied. We do not believe the instruction, as a whole, is prejudicial. 14 R. C. L. 817, § 76.

The language employed by the court in its charge to the jury wherein he stated: "* * * If because of such evidence you have any reasonable doubt as to whether the defendant was at the place where the crime was committed at the time of the commission thereof, and that he committed the same, then you should give the defendant the benefit of the doubt and acquit him. * * *" gave the defendant favorable consideration. This part of the court's charge then ended: "* * * If such evidence raises any reasonable doubt in the minds of any of you as to the guilt of the defendant, you should acquit him." This last part of the instruction was salutary and very fair to the accused. We are inclined to believe that this instruction was suitable and apt in stating the law covering the facts and when read as a whole did not tend to disparage the defense of alibi. State v. Thornton, 10 S. D. 349, 73 N. W. 196, 41 L. R. A. 530; Tatum v. State, 131 Ala. 32, 31 So. 369, and see 2 Wigmore, Evidence, 3d Ed., p. 126, § 279.

Appellant urges that the evidence is insufficient to justify the verdict and judgment. Under this same assignment of error, he urges that there was no competent proof to show how Exhibits 3 and 4 were taken and no proper foundation laid for the introduction of the evidence of Exhibits 3 and 4, the casts of tire prints of the wheel tracks. We have carefully examined the record and feel satisfied that there was sufficient identification of the exhibits and further that the evidence submitted to the jury was sufficient so that a jury could find the defendant guilty. The recent possession of the hogs in question by the appellant, if the jury would believe the state's witnesses, is sufficient to raise a presumption of guilt therefrom. State v. Hanrahan, 49 S. D. 434, 207 N. W. 224; State v. Burmeister et al, 65 S. D. 600, 277 N. W. 30; State v. Drew, 179 Mo. 315, 78 S. W. 594, 101 Am St. Rep. 474, and see note at page 481..

The possession of the hogs, when the appellant drove the truck into Scott's yard on June 8th, was testified to by Scott and Segerson. The chain of evidence furnished by the casts

of wheel marks, certain peculiarities, and odor from hogs that have been fed garbage and refuse, identification marks on the truck, and many other things which are unnecessary to relate in this opinion, were all submitted to the jury and it was for the jury to say if they believed the testimony of the state's witnesses or the appellant's witnesses. An examination of the record leaves no doubt as to the sufficiency of the evidence to sustain the jury's verdict.

■ Appellant complains that the names of additional witnesses were added to the information after it had been presented and filed without a proper showing being made. We do not believe that the record indicates that the appellant was prejudiced by permitting the state's attorney to add the names. We sustain the trial court in permitting the names to be added. State v. Cherrington, 34 S. D. 562, 149 N. W. 421; State v. Roby, 49 S. D. 187, 206 N. W. 925.

The assignments of error dealing with the admission, ruling on evidence and striking out certain evidence have been carefully examined and found to be without merit. All other assignments of error, not herein specifically referred to, have been carefully examined and finding no error therein, the judgment and order appealed from are affirmed.

RUDOLPH and SMITH, JJ., concur.

POLLEY and ROBERTS, JJ., dissent.

ROBERTS, J. (dissenting): I cannot agree with the majority in holding that the instruction given by the trial court as to alibi evidence is not prejudicial. The instruction is quoted in the majority opinion and need not be repeated.

An alibi is not, accurately speaking, a defense though frequently designated as such. It is merely in rebuttal of the state's evidence. Although easily fabricated, evidence as to an alibi is nevertheless legitimate and may be the only evidence available to disprove a false accusation. Cases dealing with instructions relating to the effect of failure to prove an alibi are collected in annotations in 14 A. L. R. 1426, 67 A. L. R. 122, and 146 A. L. R. 1377. As a general rule, courts have held that the giving of instructions substantially similar to the instruction excepted to in the present case is error

but have differed as to whether the error is prejudicial. In some jurisdictions, the trial court may with propriety comment on the evidence. In this state the trial judge is limited in charging the jury to matters of law and cannot express his opinion on the facts, credibility of witnesses and weight of testimony. SDC 34.3651; State v. Ferguson, 48 S. D. 346, 204 N. W. 652. In Thompson on Trials, § 2442, the author says:

"It has been held proper to instruct the jury that an unsuccessful attempt to prove an alibi, in a criminal case is a circumstance to be weighed against the defendant. The propriety of such an instruction, especially in those jurisdictions which scrupulously uphold the independence of juries, may be doubted; since the weight to be attached to this circumstance is exclusively for the jury, and where they receive such an admonition from the bench, they are liable to give undue weight to it."

Instructions including the language complained of in the present case have been held prejudicially erroneous. Asher v. State, 201 Ind. 353, 168 N. E. 456; State v. Blair, 115 W. Va. 549, 177 S. E. 307. See, also, Henry v. State, 51 Neb. 149, 70 N. W. 924, 66 Am. St. Rep. 450; Canty v. State, 242 Ala. 589, 7 So. 2d 292; People v. Rabinowitz, 290 N. Y. 386, 49 N. E. 2d 495, 146 A. L. R. 1373; People v Costello, 21 Cal. 2d 760, 135 P. 2d 164. In the Costello case, the court had under review the giving of an instruction including language to the effect that, while jurors are not to hesitate in giving the defense of alibi full weight when established, still they are to scrutinize the testimony offered in support of an alibi with care, that they may be satisfied that a fabricated defense is not being imposed upon them. The court held that the giving of such an instruction was prejudicial error and that the harm resulting therefrom was not overcome by general instructions so as to justify on that ground an affirmance.

Evidence of an alibi should be subjected to no different test than that applied to any other material evidence. It is not the law that a jury must give less credit to testimony of alibi witnesses or more careful scrutiny than to other evidence. In the present case the giving of the instruction

charging the jury in effect to scrutinize the alibi evidence differently than other evidence was, in my opinion, erroneous and prejudicial. The majority opinion refers to language in the instruction as being fair to the accused. The fact that the court gave proper instruction as to reasonable doubt did not remove the prejudice to the defendant necessarily resulting from the specific errors in the giving of the instruction.

POLLEY, J., concurs in the dissent.