STATE, Respondent, v. JOHNSON, Appellant

(17 N. W.2d 345.)

(File No. 8587. Opinion filed January 27, 1945.)

For former opinion, see 14 N. W.2d 420.

**Max Stokes,** of Aberdeen, and **George J. Danforth,** of Sioux Falls, for Appellant.

**George T. Mickelson,** Atty. Gen., **Charles P. Warren,** Asst. Atty. Gen., and **Elmer Thurow,** State's Atty. of Aberdeen, for Respondent.

SICKEL, J. The defendant was tried in the circuit court of Brown county on an information charging him with grand larceny of hogs. The jury found him guilty and the court imposed a sentence of twenty years imprisonment. Motion for a new trial was denied and defendant appealed. The judgment was affirmed in this court. 14 N. W.2d 420. Defendant filed a petition for rehearing, which was granted.

In the petition for rehearing the appellant asks the court to reconsider his assignment of error which is based on instruction number 10 relative to an alibi as a defense. The appellant claims that this instruction amounts to an invasion of the province of the jury who are the exclusive judges of the weight and sufficiency of the evidence, and of all questions of fact.

That part of instruction number 10 which is in issue under this assignment of error reads as follows:

"If you believe from the evidence in this case that the plea of alibi was not interposed in good faith, or that the evidence to sustain it is simulated, false and fraudulent, then that would be a discrediting circumstance to which you may look in connection with all the other evidence in determining the guilt or innocence of the defendant. You will examine the evidence on the subject of alibi with care."

The courts generally hold that an instruction which advises the jury that an unsuccessful attempt to prove an

alibi is a circumstance to be weighed against the defendant on the question of the sufficiency of the evidence to prove defendant's guilt beyond a reasonable doubt, is erroneous and prejudicial. State v. Blair, 115 W. Va. 549, 177 S. E. 307; Asher v. State, 201 Ind. 353, 168 N. E. 456, 67 A. L. R. 118, and annotation 128 supplementing annotation 14 A. L. R. 1439; People v. Rabinowitz, 290 N. Y. 386, 49 N.E.2d 495, 146 A. L. R. 1373, and annotation 1385; People v. Russell, 266 N. Y. 147, 194 N. E. 65; Burtnett v. United States, 10 Cir., 62 F.2d 452.

In the case of State v. Blair, supra, the instruction given by the court was in all material respects identical with the instruction given in this case and the court said [115 W. Va. 549, 177 S. E. 308]:

" 'The law is peculiarly jealous of any encroachment by a trial court on the province of the jury, who are the exclusive judges of the weight to be attached to the evidence of any witness, and it is error for a court in the trial of the case to intimate any opinion in reference to matters of fact which might in any degree influence the verdict. * * * The propriety of such an instruction, especially in those jurisdictions which scrupulously uphold the independence of juries, may be doubted; since the weight to be attached to this circumstance is exclusively for the jury, and where they receive such an admonition from the bench, they are liable to give undue weight to it.' ".

The case of Asher v. State, supra, was one in which the instruction given by the court was identical with the one given in this case except that there the instruction omitted the word "simulated." The court said [201 Ind. 353, 168 N. E. 458]:

"In order to sustain an alibi it is not necessary for the jury to find as a fact that the defendant was not in the place of the commission of the crime at the time it was committed. The defendant in a criminal case is never required to establish any fact which would entitle him to an acquittal by any degree of evidence, but if upon the whole evidence the jury entertains a reasonable doubt of his guilt, then it is the duty of the jury to acquit."

The court then quotes from another Indiana case **Albin** v. State, 63 Ind. 598, as follows:

"We know of no rule of law which attaches a suspicion to, or fixes a blemish upon, evidence tending to prove an alibi, any more than it does upon evidence tending to prove any other fact."

The court then makes this comment:

"The trial court should not in any manner in its charge to the jury disparage or cast suspicion upon any legitimate defense interposed in an action, such as the defense of insanity, self-defense, or alibi, nor upon any class of legitimate evidence offered to support a defense, * * *

"These instructions, Nos. 4 and 5, given by the court of its own motion, are clearly erroneous and harmful to the appellant and require a reversal of the judgment."

In the case of Burtnett v. United States, supra [62 F.2d 455], the circuit court of appeals considered an instruction that if the jury believed:

" * * * That the plea of an alibi was not interposed in good faith, or that the evidence to sustain it was not true, then this is a discrediting circumstance to which you may look in connection with all of the other evidence in determining the guilt or the innocence of the defendant * * *."

The opinion says: "The quoted comment was unfair and unjust. * * * Evidence of an alibi has no inherent characteristics which make its verity doubtful."

In the case of People v. Russell, supra [266 N. Y. 147, 194 N. E. 67], the court instructed the jury that:

"An unsuccessful attempt to establish an alibi is always a circumstance of great weight against a prisoner because the resort to that species of defense implies an admission of the truth and relevancy of the facts alleged and the correctness of the inference drawn from them, if they remain uncontradicted. And where the defense of alibi fails, it is generally on the ground that the witnesses are disbelieved and the story considered to be a fabrication."

In considering an assignment of error on this instruction the court stated:

"He told the jury further, in effect, that if it did not believe the testimony of the defendant's witnesses, it might

consider the 'defense of alibi' a fabrication and, therefore, corroboration of the people's witnesses and an admission by the defendant of the truth and relevancy of their testimony. He thus placed upon the defendant a burden of proof which in law rests upon the people."

The court then considered particularly that part of the instruction which authorizes the jury to infer fabrication of alibi testimony and corroboration of people's witnesses on the basis of disbelief alone, saying:

"Disbelief of the defendant's witnesses would be the inevitable result of belief of the people's witnesses. It could not, at the same time, be corroboration of the people's witnesses.

"An honest defendant may fortify his denial of the charge againt him by other evidence which, if accepted, would demonstrate the falsity of the charge, without thereby subjecting himself to the suspicion that his denial is false and the evidence produced by him fabricated, unless there is independent evidence of such fabrication. The burden of proof of guilt beyond a reasonable doubt may never be shifted from the people to the defendant. The presumption of innocence continues throughout the trial. The charge in this case has substantially deprived the defendant of this fundamental right."

In this case there was no direct or independent evidence of bad faith on the part of the defendant in interposing the defense of alibi. Neither was there any evidence to show that the alibi testimony was simulated, false and fraudulent. Yet the instruction given in this case permitted the jury to so find, and to treat such finding as a "discrediting circumstance" against the defendant, even as corroboration of the state's witnesses, in arriving at a verdict.

The instruction under consideration seems to have had its origin in Alabama. In the case of Allbritton v. State, 94 Ala. 76, 10 So. 426, the court considered an instruction that "An unsuccessful attempt to prove an alibi is   *   *   *   of great weight against the prisoner."  The opinion states:

" *   *   *   There can be no rule of law, founded on logic or principle, common sense or justice, which recognizes a distinction between the consequent weight of an unsuccessful

attempt to establish an alibi, and of an unsuccessful attempt to prove any other material fact in defense. * * * The charge is not a correct statement of the rule applicable to alibi evidence, and is an invasion of the province of the jury."

In another case, Tatum v. State, 131 Ala. 32, 31 So. 369, the instruction given was the same as the one in question in this case. That instruction was sustained on the ground that the alibi defense was "a fraudulent attempt to prove an alibi, sustained by perjury".

In Williams v. State, 21 Ala. App. 319, 108 So. 84, 85, the instruction given was that where the alibi defense fails it is a strong circumstance against the defendant. It was again held that the instruction invaded the province of the jury.

There is no apparent difference between a "strong circumstance against the defendant," as stated in the instruction in the Williams case, and a "discrediting circumstance," as stated in this case.

In the case of Thacker v. State, 25 Ala. App. 163, 142 So. 579, instructions similar to those given in the Tatum case and in the Williams case were considered by the Alabama Court of Appeals. That court held on authority of Tobe Johnson v. State, 24 Ala. App. 291, 135 So. 592, that both forms of instruction were erroneous. That decision was reviewed by the supreme court on writ of certiorari, and reversed, on the ground that the court of appeals misconstrued the case of Johnson v. State. Thacker v. State, 225 Ala. 1, 142 So. 580. In Canty v. State, 242 Ala. 589, 7 So. 2d 292, the same court held that an instruction which disparages the defense of alibi is an invasion of the province of the jury.

In the case of Jones v. State, 176 Ala. 20, 58 So. 250, 251, the court said:

"Our decisions have varied somewhat, as to the burden of proof, the shifting of the burden of proof and the sufficiency of the proof, in cases of alibi. 'The pendulum has probably swung too far in both directions.' "

In Ragland v. State, 238 Ala. 587, 192 So. 498, 500, the court said in reference to alibi instructions:

"Because it may be, and often is simulated, supported by perjured testimony, early cases, here and elsewhere, often sanctioned instructions to the jury tending to discredit such defense. Such instructions have long been condemned in our decisions."

The foregoing are only a few of the Alabama cases in which alibi instructions have been considered, but they are sufficient to show that the decisions of that state are so conflicting that they cannot be considered as furnishing authority in favor of the validity of the instruction given in this case.

Appellant also claims that instruction number 10, given in this case, disparages the defense of alibi, and that it is therefore erroneous.

■ The rule established by the weight of judicial authority is that an alibi is a perfectly legitimate defense, and the only one which may be available to an innocent person accused of crime, and any instruction which tends to belittle or disparage this defense is erroneous and prejudicial. People v. Costello, 21 Cal.2d 760, 135 P.2d 164; Asher v. State, 201 Ind. 353, 168 N. E. 456, 67 A. L. R. 118 and annotation; annotation in 146 A. L. R. 1378; State v. Danelly, 116 S. C. 113, 107 S. E. 149, 14 A. L. R. 1420, and annotation; Roen v. State, 182 Wis. 515, 196 N. W. 825; Henry v. State, 51 Neb. 149, 70 N. W. 924, 66 Am. St. Rep. 450; Canty v. State, 242 Ala. 589, 7 So.2d 292; People v. Rabinowitz, 290 N. Y. 386, 49 N. E. 2d. 495, 146 A. L. R. 1373, and annotation.

■ Respondent claims that if the instruction to which exception was taken was erroneous, such error was cured by another part of the same instruction which states:

"* * * If because of such evidence you have any reasonable doubt as to whether the defendant was at the place where the crime was committed at the time of the commission thereof, and that he committed the same, then you should give the defendant the benefit of the doubt and acquit him. * * * If such evidence raises any reasonable doubt in the minds of any of you as to the guilt of the defendant, you should acquit him."

In cases where there is a conflict in the evidence, the harm resulting from an erroneous instruction which dispar-

ages the alibi denfense is not overcome by general, though correct, instructions on reasonable doubt, unless the erroneous instruction is corrected or withdrawn. People v. Costello, 21 Cal.2d 760, 135 P.2d 164; Canty v. State, 242 Ala. 589, 7 So. 2d 292; People v. Rabinowitz, 290 N. Y. 386, 49 N. E. 2d 495, 146 A. L. R. 1373.

That part of the instruction quoted above undoubtedly states the law correctly, but it does not correct or withdraw the erroneous part of the instruction. It in no way detracts from that part of the instruction which directs the jury to consider falsity of alibi testimony as a "discrediting circumstance to which they may look" in considering the credibility of the state's witnesses and the weight to be given their testimony in determining whether the evidence is sufficient to prove defendant's guilt beyond reasonable doubt.

For the reasons stated the judgment is reversed and the appellant's motion for a new trial is granted.

POLLEY and ROBERTS, JJ., concur.
RUDOLPH and SMITH, JJ., dissent.