**GREENBURG, Extrx., Plaintiff-Appellant, v STEUBENVILLE (City), Defendant-Appellee.**

Ohio Appeals, Seventh District, Jefferson County.

No. 1003. Decided Dec. 31, 1945.

Ralph Levinson and Henry Greenberger, Steubenville, for plaintiff-appellant.

230

Fred A. Stone, Herman Perios and Wm. J. Weinman, Steubenville, for defendant-appellee.

## OPINION

By PHILLIPS, J.

Plaintiff (as Executrix of the Last Will and Testament of Charles Greenburg, deceased), in whose name this action was revived subsequent to trial in the court of common pleas, appealed to this court on questions of law from a judgment of that court entered upon a jury verdict returned for defendant, The City of Steubenville, Ohio, a municipal corporation, in an action commenced by Charles Greenburg to recover $7500.00 for alleged damages to his two dwelling houses and connecting porch situated on the northerly side of Lincoln Avenue in defendant city.

In his amended petition Charles Greenburg alleged inter alia his ownership of such premises; that defendant is a municipal corporation; "that the north portion of the sidewalk of Lincoln Avenue upon which the dwellings abutted" rested "upon a foundation wall of stone with concrete cement which was built by said defendant" and extended into a stream known as Wells Run, which was used by defendant city as a waterway for drainage and sewage collection; that defendant maintained a nuisance and was negligent in diverting the course of Wells Run in causing it to become clogged and obstructed, and the walls thereof to become undermined from seepage and percolation of water, to become weakened, defective and in a state of disrepair, and in causing and permitting the soil underneath plaintiff's buildings to be washed away, as a result of which portions of such walls collapsed and fell into Wells Run, and such dwellings and a connecting porch sagged, were thrown out of alignment, partly washed away and damaged in the amount heretofore stated herein.

Plaintiff further alleged that the "said defendant, the City of Steubenville, through its proper officers, agents and employees have had actual knowledge of said condition of said waterway during all of said period herein complained of and for a long time prior thereto."

After admitting its corporate identity, plaintiff's ownership of such buildings, and that they abut upon the northerly side of Lincoln Avenue, a public thoroughfare of defendant city, defendant in its answer generally denied each and every fact stated, averment made and allegation set forth in plaintiff's amended petition; and by way of further defense alleged "that the northerly part or portion of the dwelling houses mentioned in plaintiff's petition extends into and over the channel of Wells Run"; "that the walls supporting the rear of said buildings reduced the width of the channel of Wells Run to such an extent that there was not sufficient room for the onrushing" flood waters caused on July 7, 1943, "by an unusually heavy and extraordinary rainfall beyond anything of a like nature occurring in the vicinity during the present century", "to pass between the walls under plaintiff's dwellings and a high steep bank on the north side of Wells Run"; "that the width of the channel was of sufficient depth and width to carry ordinary rains, but the flood was so great that the channel would not receive the onrushing flood waters causing said flood waters to dam up to a great depth and to run out upon and over Lincoln Avenue, and that the weight and swiftness of the current of said flood waters broke, cracked and removed the part or portion of said supporting walls extending into the channel of said run"; "that the downpour of rain was so sudden and great that defendant in the exercise of ordinary care was unable to protect the walls under the houses of plaintiff, which extended into the channel of the Run from being broken and crushed as herein recited;" and that "whatever damage, if any", plaintiff suffered was caused by an Act of God and without fault or negligence on the part of defendant.

The case proceeded to trial in the court of common pleas upon the pleadings mentioned above and plaintiff's reply to defendant's answer, in which it was admitted that "there was a heavy rainfall in and about the City of Steubenville, Ohio, on the 7th day of July, 1943", and in which all the "material allegations in said Second Defense of said defendant's answer" were denied.

A jury returned a verdict for the defendant upon which the trial judge subsequently duly entered judgment, and from that judgment plaintiff appealed to this court as stated heretofore.

Plaintiff assigned eleven grounds of error upon which reliance is made to secure a reversal of the judgment of the court of common pleas, but plaintiff's counsel in their brief said, "while there are a number of Assignments of Error all of

which could be taken up separately, we believe that the consideration of three or four questions will be sufficient. The questions at this time which will be commented on are 3, 4, 5, 6, and 7 of the Assignments of Error. 3 and 4 will be treated together." These two grounds read as follows:

"3. The verdict of the jury is against the manifest weight of the evidence.

"4. The verdict of the jury is not sustained by sufficient evidence and is contrary to law."

We will pass on assigned grounds of error 3, 4, 5, 6 and 7 only.

The evidence introduced in the trial court touching the issues made by the pleadings is so voluminous that this court will not attempt to quote therefrom.

"From a careful consideration of this record" this court believes "that the jury" might well have been "convinced that the flood itself was the sole cause of the injury complained of and that it could not have been prevented by the doing of any of the things suggested." **The City of Piqua v Morris, et al, 98 Oh St 42 at 54.**

"In 1 Shearman & Redfield on. Negligence (6 ed.), Section 39, it is said: 'It is also agreed that, if the negligence of the defendant concurs with the other cause of the injury, in point of time and place, or otherwise so directly contributes to the plaintiff's damage that it is reasonably certain that the other cause alone would not have sufficed to produce it, the defendant is liable, nothwithstanding he may not have anticipated or been bound to anticipate the interference of the superior force which, concurring with his own negligence, produced the damage. But if the superior force would have produced the same damage, whether the defendant had been negligent or not, his negligence is not deemed the cause of the injury'." Piqua v Morris, supra.

As a result of carefully reading the record, which is somewhat conflicting and confusing, we can not say that the jury could not have found therefrom that the "superior force" would have produced the same damage, whether defendant had been negligent or not, or that as a matter of law plaintiff is entitled to recover the damages sought, and after equally

carefully weighing the evidence that the verdict of the jury, which viewed the premises, and judgment of the trial court entered on its verdict are not sustained by sufficient evidence, are against the manifest weight thereof, or contrary to law.

In assignments of error numbers 5 and 6 plaintiff contends that "the court particularly erred in charging the jury on the 'Act of God' in view of the undisputed testimony in the case which showed that the acts of the defendant, City of Steubenville, in violating §3714 GC, as well as negligence in connection with Wells Run, which said city permitted to be used for sewage purposes, directly contributed to plaintiff's damages."

"It is * * * well settled that if the vis major is so unusual and overwhelming as to do the damage by its own power, without reference to and independently of any negligence by defendant, there is no liability." Piqua v Morris, supra.

It appears to be also well settled that:

"In order to fix liability on an owner in such case, it must be shown that his negligence concurred with the act of God in causing the injury; but if the act of God, such as an extraordinary flood, was so overwhelming and destructive as to produce the injury, whether the defendant had been negligent or not, his negligence cannot be held to be the proximate cause of the injury." Piqua v Morris, supra.

After reading the lengthy charge of the trial judge carefully the conclusion is reached that he did not err therein in the respects charged by plaintiff.

The record in this case discloses that it was submitted to the jury on Saturday morning; that after some deliberation the jury returned to the court room and the following proceedings were had:

"The Court: Ladies and gentlemen of the jury, have you been able to arrive at a verdict yet? Just answer yes or no.

"Mr. Mickey: No.

"The Court: Is there any likelihood that you might arrive at a verdict within the next few minutes? I am asking you that because if you can't I am going to send you out to lunch.

"Mrs. Ryder: I think we can in the next twenty minutes.

"The Court: Would you prefer to stay right on and deliberate rather than to go out to lunch?

"Mr. Mickey: Yes.

"The Court: All right, then. Mr. Bailiff, you may take them back up to continue deliberations in this case.

"Thereafter the jury again retired and, after due consideration, at 1:15 o'clock p. m., returned a verdict in favor of the defendant and against the plaintiff, as appears of record herein; to which verdict of the jury counsel for the plaintiff then and there duly excepted."

Counsel for defendant contend that by returning a verdict shortly after resuming deliberation "that several of the jurors at least felt that they were pleasing the court in agreeing" as stated in **Krug v Potthoff, 7 OLR 54,** and that such action constituted "misconduct of the jury".

This assignment of error has been considered and the case cited as applicable thereto has been read. As the result thereof the conclusion is reached that the jury can not be charged with misconduct.

It follows from what we have said that the judgment of the trial court must be and hereby is affirmed.

NICHOLS, PJ, CARTER, J, concur in judgment.