THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARIO MOREU PÉREZ and FRANCISCO GONZÁLEZ PÉREZ, Defendants and Appellants.

No. CR-67-51.    Decided May 16, 1968.

*Yamil Galib Frangie* for appellants. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Appellants, Mario Moreu Pérez and Francisco González Pérez, were accused and convicted of the crime against nature committed on the person of a fourteen-year-old girl. They allege that the trial court erred (1) in depriving appellants from verifying whether the verdict of the jury was returned by at least nine of its members; (2) in failing to inquire from the jury the reason for their request to return to the courtroom and in ordering them to go for lunch and later continue deliberating; (3) and (4) they also alleged that the verdict is contrary to the evidence and that the latter was insufficient to defeat the presumption of innocence; and (5) in instructing the jury that in the event they concluded that the defense of alibi was false or fabricated, they could consider it as an implied admission of appellants' guilt.

1—In this case, following the practice approved in *People* v. *Brunet* (judgment of October 27, 1967) under Rule 151 of the Rules of Criminal Procedure, the trial judge, in requesting the verification of the verdict asked each juror

whether he was certain that at least nine of them concurred in returning a verdict of guilty, and each one answered yes.

■ 2—When the jury was called to the courtroom when their buzzer rang and after verifying that it was the same and that it was complete, the trial judge asked them whether they had reached a verdict. When the Foreman of the Jury answered no, the judge ordered that since it was seven minutes past twelve the jury could go for lunch and then continue deliberating until they reached a verdict and told them that he would give them further instructions if requested.

It is contended that the jury should have been asked the reason why it requested to return to the courtroom.

We find nothing in this incident to show the commission of any prejudicial error. *Greenburg* v. *City of Steubenville*, 72 N.E.2d 125 (Ohio 1945).

■ 3 and 4—The prosecutrix testified that both appellants had sexual intercourse with her through the rectum and explained the circumstances under which it occurred. The doctor who examined her testified that the injured condition of her anus showed that there had been some penetration. The evidence contains all the necessary elements for a conviction, and if believed by the jury, as it was, it was sufficient even though the testimony of the prosecutrix was not corroborated, since the crime against nature is excluded from the requisite of corroboration. Rule 154 of the Rules of Criminal Procedure.

■ 5—As to the defense of alibi, the trial judge first instructed the jury on what is known as an alibi, and that it need not be proved beyond a reasonable doubt; but that if it raises a reasonable doubt as to whether the defendant was at the place where the crime was committed he should be acquitted; and that "if you have any doubt as to the alibi . . . you should always give the defendants the benefit of the doubt, and you [the jury] would be bound to find them

not guilty." After finishing his instructions to the jury, the trial judge added that "In defining the theory of alibi I forgot to tell you that if you are convinced that the evidence of alibi presented by one or both defendants is false and was fabricated to evade a conviction, you may consider it as an implicit admission of guilt of said defendant or of both defendants if the situation were identical for both."

In *People* v. *Delerme*, 51 P.R.R. 503 (1937), we said that if the court was clearly convinced that the evidence (of alibi) was fabricated it could have even regarded it as an inferential admission of guilt. This rule was based on the governing case law supporting the instructions to the jury on these points. *Jackson* v. *State*, 145 So. 656 (Alabama 1933); *State* v. *Rochelle*, 72 S.E. 481 (N.C. 1911); *State* v. *Manning*, 54 Atl. 181 (Vt. 1903). Recently, it has been ruled that considering a similar instruction within all the instructions as to the defense of alibi, the same does not constitute prejudicial error. *State* v. *Johnson*, 14 N.W.2d 420 (S.D. 1944). However, other jurisdictions have ruled that it constitutes prejudicial error, which justifies the reversal of a judgment of conviction, when the court, in its instructions (1) tends to disparage or belittle the defense of alibi; (2) advises the jury that an unsuccessful attempt to prove alibi was a circumstance to be weighed against defendant; or (3) instructs the jury that if it should disbelieve the testimony of the defense witness that defendant was busy at his work every day at the hour of the crime, then the jury should naturally, logically, accept the testimony of the State's witnesses identifying the defendant as the robber. *State* v. *Wilson*, 57 N.W.2d 412 (Minn. 1953); *State* v. *Johnson*, 17 N.W.2d 345 (S.D. 1945); *People* v. *Rabinowitz*, 49 N.E.2d 495 (N.Y. 1943).

It seems to us that the reasoning on which the rule which rejects the instruction in issue relies is more logical and warrants our adopting it in this jurisdiction. The evidence of alibi need not establish, beyond a reasonable doubt,

that it was impossible that defendant had committed the crime. Alibi need not be proved beyond a reasonable doubt. It only constitutes evidence which tends to establish that defendant did not commit the crime or to create a doubt in the mind of the jury in relation to the former's guilt. So that failure to give credit to the testimony as to alibi offered by defendant's witnesses does not constitute an implicit admission of the commission of the crime. The jury may conclude that the evidence of alibi is not credible for different reasons, for example, because there is doubt as to the exactness of what a witness remembers or because his testimony is considered inherently improbable or that it does not deserve to be believed because it has been challenged, or for any other reason. At the same time it may not believe the evidence for the prosecution for one or more of such reasons and in virtue thereof it may conclude that defendant is not guilty of the crime charged. Obviously, the instruction in question unduly limits the free exercise of this trial by the jury. If the instruction challenged should prevail defendant would be seriously limited in his means of defense in the presence of the risk that the rejection of his evidence of alibi constitutes an admission of guilt. He would feel limited in offering it, except under the exceptional situation that the evidence of alibi is so convincing that it cannot possibly be rejected.

In view of the foregoing, we conclude that the instruction in question is improper and it constitutes a substantially prejudicial error to defendant's rights.

Therefore, the judgments rendered in this case will be reversed and the same remanded for a new trial.

Mr. Chief Justice Luis Negrón Fernández did not participate herein.