THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LOUIS MILBURN, Appellant.

First Department, November 22, 1966.

*Peter F. Nadel* of counsel (*Anthony F. Marra,* attorney), for appellant.

*Arnold Kideckel* of counsel (*Isidore Dollinger, District Attorney*), for respondent.

CAPOZZOLI, J. Defendant appeals from a judgment of the Supreme Court, Bronx County, convicting him of the crimes of robbery in the first degree and possession of a dangerous weapon, after a jury trial.

At the trial the owner of the liquor store in which the robbery occurred, one Terrence McDonnell, and a store clerk employed by him, Gerald Malzacher, both of whom were present when the

robbery took place, each identified the defendant as one of the two men who had committed the crime. Each also testified to his own pretrial identification of the defendant. Malzacher's pretrial identification was made on a street corner, in the general vicinity of the location of the store, two days after the robbery. In this connection it is significant to note that Malzacher testified that he had known this defendant as a customer in the store for about a month before the robbery was committed.

Immediately after the identification by Malzacher the defendant was brought into the store where the employer, McDonnell, then was. McDonnell testified that, on this occasion, he identified the defendant as one of the two perpetrators.

Up to this point there was nothing improper about receiving the testimony of the previous identification given by each of the two identifying witnesses. However, the witness, Malzacher, who accompanied the defendant into the store where the identification was made by McDonnell, was permitted by the court at the trial to testify that he witnessed the identification by his employer. This, of course, was error, as such testimony should not have been received under the cases cited in the dissenting opinion.

However, the question to be decided is whether this error may be disregarded as not affecting the substantial rights of the defendant. (See Code Crim. Pro., § 542.)

A careful examination of the evidence discloses that no substantial right of the defendant was affected, as there was ample proof pointing to his guilt beyond a reasonable doubt.

Malzacher, one of the victims of the crime, testified, without equivocation, to his identification of the defendant as one who had taken part in the crime. This identification was bolstered by the testimony of Malzacher that he had known this defendant for about a month as a customer of the store. The owner of the store, McDonnell, also identified this defendant as one of the perpetrators of the crime.

Under the law it was perfectly proper for each of these two identifying witnesses to testify to his own previous identification of the defendant before the trial. Therefore, the erroneous reception of the testimony of Malzacher, that he was present in the store when McDonnell identified this defendant, does not necessitate a new trial. Under the circumstances of this case, it is not reasonble to believe that, if the error had not been committed, the jury would have returned a verdict of not guilty. This very question was considered in the case of *People* v. *White* (25 A D 2d 554). In that case the court said: " While we agree that it was error for the police officer to testify as to the com-

plainant's previous identification of the defendant, it is our opinion that such testimony did not affect any substantial right of the defendant. Under the circumstances disclosed in this record, it must be held that there was no reasonable probability that the incompetent evidence influenced the jury's verdict and, therefore, the error in admitting such evidence may be disregarded under section 542 of the Code of Criminal Procedure.''

In *People* v. *Rogers* (21 A D 2d 720) the same question was considered by the court and, at page 721 of the opinion, we find the following: '' The evidence erroneously admitted added little if any weight to evidence, amply sufficient to establish defendant's guilt beyond a reasonable doubt.'' (Also, see, *People* v. *Friedberg,* 24 A D 2d 1008; *People* v. *Alexander,* 13 A D 2d 520.)

In the case at bar not only do we have in the record the positive identification testimony of each of the two victims of the crime, but there is also other proof which the jury must have believed in order to arrive at a guilty verdict.

Immediately following the robbery the witness, Malzacher, chased both perpetrators to premises 341 East 139th Street. Both perpetrators entered these premises. Malzacher remained in front of the premises until he was joined by Detective Howard and other policemen. Both Malzacher and Detective Howard searched the entire building. They specifically recalled having gone into apartment 4-b, amongst others, and each testified that the defendant was not amongst the people present in that apartment.

At the trial the defendant offered no evidence except the testimony of two alibi witnesses, each of whom swore that the defendant was in apartment 4-b at the time of the commission of the crime charged in the indictment and, further, that he was in that apartment when Malzacher and Detective Howard came in, which, as we have already seen, was denied by the People's witnesses.

While there is no independent proof of fabrication of the alibi, the jury could infer it if they found that the testimony of Malzacher and McDonnell, who were present at the time of the robbery and identified the defendant, was true. '' Disbelief of the defendant's witnesses would be the inevitable result of belief of the People's witnesses.'' (*People* v. *Russell,* 266 N. Y. 147, 154.)

In summary, the majority believes that a violation of section 393-b must be treated as any other error committed by a court in the course of a trial. If, under the circumstances of the particular case, the error is found to be a substantial one, then, of course, a reversal should follow. On the other hand, if, all things

considered, the totality of the evidence is such that it was sufficient to justify the jury's conclusion that the defendant is guilty beyond a reasonable doubt, then the presence of such an error should be treated as purely a technical one.

We have examined appellant's other contentions and find them to be without merit.

The judgment of conviction should be affirmed.

RABIN, J. (dissenting). The judgment of conviction should be reversed and a new trial ordered, since the trial court improperly admitted prior identification testimony from witnesses other than those persons making the identifications.

It has been stated time and again that "Section 393-b of the Code of Criminal Procedure * * * [permits] a witness to testify to a previous identification by himself, but it does not allow someone else * * * to testify to a declaration of identification by another as evidence of guilt of a particular defendant." (*People* v. *Cioffi,* 1 N Y 2d 70, 73; see, also, *People* v. *Trowbridge,* 305 N. Y. 471; *People* v. *Gould,* 25 A D 2d 160.) It was error to admit such prior identification testimony here. The error here was compounded by the court's charge wherein it made reference to the hearsay testimony of the prior identifications. (*People* v. *Gould, supra.*) That in this case corroboration testimony came from a witness who himself testified to his own separate identification of the defendant does not render the rule any the less applicable. The fact remains that the testimony was still improperly admitted hearsay used to bolster identification.

The People concede that it was error to admit such testimony, but claim it was not prejudicial. I cannot agree. The central issue in the case was identification. Not only did the defendant deny his guilt, but he based his defense on alibi and produced alibi witnesses. Moreover, the testimony of one of the identifying witnesses did not remain unimpeached. Testimony to the effect that the witness had previously failed to identify defendant tended to offset it.

Where identification is so closely and vigorously contested, an error committed in admitting testimony which bolsters identification must be presumed to be prejudicial for it could have been a determining factor in the minds of the jurors.

McNALLY and STEUER, JJ., concur with CAPOZZOLI, J.; RABIN, J., dissents in opinion in which BREITEL, J. P., concurs.

Judgment of conviction affirmed.