Beldock, P. J., Brennan, Hopkins, Benjamin and Nolan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT LAWRENCE FORD, Appellant

Beldock, P. J., Brennan, Hopkins, Benjamin and Nolan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD LENNOX, Appellant

Beldock, P. J., Christ, Rabin, Benjamin and Nolan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT LOREZ, Appellant

No opinion. Beldock, P. J., Christ, Brennan and Benjamin, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment and to order a new trial, with the following memorandum: Defendant was convicted of forgery in the second degree, grand larceny in the second degree and petit larceny. Specifically, it was charged that he had used a credit card, to which he had access as an employee of a corporation which was engaged in the business of issuing credit cards, and had forged the true holder's signature in making purchases at several department stores operated by E. J. Korvette and others. Defendant testified that at the time of the purchases he was working in the office of his employer miles distant from the site of the purchases; and that, on another occasion when it was claimed he had made a purchase, he and a friend delivered a present to defendant's son. The friend testified, on behalf of defendant, to the delivery of the present at the time in question. Because of the distances between defendant's office and the stores where the purchases were made, the necessary time that would be required in traveling those distances, and the lack of any proof that defendant's signature appeared on the sales slips, the case against defendant was not strong. In this posture, the alibi evidence submitted by defendant was entitled to fair consideration by the jury. In my opinion, the jury could not give the evidence fair consideration under the charge of the court. The court instructed the jury that "An alibi defense if clearly established by unsuspected believable testimony is the very best defense that an innocent

man can make and this is obvious." Again, the court said: "Ladies and gentlemen, as I have already told you, an alibi defense, if clearly established by unsuspected believable testimony is the very best an innocent man can interpose." Coupled with these instructions was a charge that, before accepting the defense of alibi, the jury must proceed with caution, and should scrutinize the testimony carefully. Though defendant did not except to or make any request concerning the charge, the test that the charge imposed on the defense of alibi was so prejudicial to defendant that in a case so close the failure to except or to request does not prevent us from reaching the merits (*People* v. *Kelly*, 12 N Y 2d 248, 250; Code Crim. Pro., § 542). Defendant has no burden of producing "unsuspected believable testimony" of an alibi; it is enough for him to produce testimony of the same character as all other testimony — that is, testimony that the jury may accept, after considering it in the face of all the circumstances. He had the right to have the defense fairly treated like any other defense (*People* v. *Barbato*, 254 N. Y. 170, 179). He did not have to establish that it was impossible for him to have committed the crime, and the jury could view the evidence merely to determine whether it raised a reasonable doubt as to his guilt (*People* v. *Perry*, 277 N. Y. 460; *People* v. *Tapia*, 11 A D 2d 679). Nor did defendant have the burden of proving the alibi (*People* v. *Rabinowitz*, 290 N. Y. 386, 388). The charge, on the other hand, placed a premium on the strength and persuasiveness of defendant's evidence, which even the prosecution need not meet. Suspect evidence, if believed by the jury, will support a verdict against a defendant (*People* v. *Peller*, 291 N. Y. 438, 446). Defendant should have the benefit of the same standard.